■　John Landry, Respondent, v. State of New York, Appellant. (Claim No. 31636.) — Judgment and order reversed on the law and claim dismissed, without costs of this appeal to either party. The findings of fact have been examined and affirmed. Memorandum: The claimant John Landry failed to file either a claim or notice of intention to file a claim within the time limited by subdivision 3 of section 10 of the Court of Claims Act. He filed application thereafter under subdivision 5 of said section for permission to file late. Permission was granted by the Court of Claims. However, it was necessary for him to show " a reasonable excuse " for his failure to file notice of intention within the appropriate time, in order to be entitled to the order which was

granted, and this he failed to do. An examination of the papers presented on his application shows that the real reason for his failure to file was that " deponent was ignorant of the fact such a claim must be filed within a limited time ". Other reasons are assigned but it is obvious that this is the true and only reason. This, of course, presents no " reasonable excuse ". (*Havill* v. *State of New York*, 284 App. Div. 932; *Bartlett* v. *State of New York*, 283 App. Div. 1000.) We find, as a matter of law, that there were not before the Court of Claims sufficient facts to present a case for the exercise of discretion. However, in any event, if the lower court decided it as a matter of discretion such discretion was exercised improvidently. The fact that the State of New York may not have been prejudiced would not help the claimant in the absence of a showing of " reasonable excuse ", and the actual knowledge of this claim required by said subdivision 5 of section 10. In *Ponsrok* v. *City of Yonkers* (254 N. Y. 91, 95) Judge POUND stated: " The fact that the city has not been prejudiced is immaterial. The court may not exercise a dispensing power based on the principles of abstract justice fitting the particular case. It may only see that the requirements of the law are complied with." The necessary prerequisites may not be waived by the courts under the theory of nonprejudice. Nor will the fact that this is a derivative claim help the claimant. (*Hencken* v. *State of New York*, 196 Misc. 128.) All concur, except McCurn, P. J., and Kimball, J., who dissent and vote for affirmance. (Appeal from a judgment of the Court of Claims for claimant on a claim for damages for loss of services of, and medical attendance for, claimant's wife; also appeal from an order of the Court of Claims permitting the late filing of claim.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Williams, JJ. [208 Misc. 663.]