## Mary M. Mariani *vs.* Vincent A. Nanni.

OCTOBER 30, 1962.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Paolino, J. This action of trespass on the case for negligence was heard in the superior court on the defendant's demurrer to an amended declaration. The demurrer was sustained and the plaintiff was given an opportunity to amend. However, she waived her right to amend and the case is before us solely on her exception to the ruling sustaining the demurrer.

The plaintiff is seeking to recover damages for the loss of the conjugal society and consortium of her husband on the ground that he became sterile and impotent as a result of an injury sustained by him while employed by defendant. The pertinent allegations in each count of the declaration in substance state that her husband, while employed by defendant, received a personal injury arising out of and in the course of his employment, "namely, while carrying planks off truck with helper, and helper dropped his end, resulting" in the injury which she alleges caused his sterility and impotency.

The superior court held that the declaration alleged that the injuries complained of resulted from the negligence of a fellow servant and was therefore demurrable. The plaintiff's contention that the superior court erred is without merit. Under the common law a master is not liable for injuries caused by the negligence of a fellow worker. *Ryan v. Unsworth*, 52 R. I. 86, 89.

The plaintiff's rights in the circumstances of this case are derivative and depend upon her husband's right to recover against defendant in an action of negligence. Under our law he has no such right and it therefore follows that she has none. The decision of the superior court sustaining the demurrer was without error.

Since the conclusion we have reached is decisive of the plaintiff's rights, we do not deem it necessary to consider other issues raised by her.

The plaintiff's bill of exceptions is overruled, and the case is remitted to the superior court for further proceedings.

*Luigi Capasso*, for plaintiff.

*Hinckley, Allen, Salisbury & Parsons, Guy J. Wells*, for defendant.