■ Joseph Matra et al., Respondents, v State of New York, Appellant. (Claim No. 59266.)—Appeals from (1) an order of the Court of Claims, entered April 18, 1975, which granted claimant's motion for permission to file a late claim pursuant to subdivision 5 of section 10 of the Court of Claims Act, and (2) an order of the same court, entered June 20, 1975, which denied the State's motion to dismiss the claim for failure to state a cause of action. On April 6, 1973 claimant was operating his vehicle in a northerly direction on the Sprain Brook Parkway in the vicinity of the Tuckahoe Road Exit in Yonkers, New York. A collision occurred between two vehicles on the southbound side of the parkway causing one car to mount the center divider railing and causing the other car to jump the divider and land directly in front of claimant's car in the northbound lane, as a result of which claimant sustained severe personal injuries. He retained an attorney within two or three months after the accident, but failed to file a claim or notice of intention to file a claim within the time limited by subdivision 3 of section 10 of the Court of Claims Act. On February 18, 1975,

almost two years after the date of the accident, claimant made application under subdivision 5 of said section for permission to file a late claim, and permission was granted by the Court of Claims. It was necessary for the claimant to show a "reasonable excuse" for his failure to file a notice of intention within the time limited in order to be entitled to the order which was granted. This he failed to do. The present claim is based on the State's failure to erect a center median barrier of proper height at the location where the accident occurred; and it is alleged that the median barrier was 24 inches high, when it should have been erected, according to the New York State Standard Structural Requirements, to a height of 27 or 30 inches. The papers presented on his application, and the minutes of the hearing held thereon, make it clear that the only excuse offered by the claimant for failure to file a timely notice of intention was that the alleged defective condition of the center median barrier was unknown to his attorney until he discovered it by chance, and who did not realize that such condition was the proximate cause of the accident until almost two years later. No other reasons are assigned by the claimant. There can be no question that the facts regarding height requirements for the center median barrier and the actual height of the barrier involved herein were available to the claimant's attorney at the time of the accrual of the cause of action as well as when he alleges they were first discovered. The fact that the attorney failed to discover this requirement, and did not become aware of the existence of a right of action until after the expiration of the prescribed period, presents no "reasonable excuse". *(Crane v State of New York,* 29 AD2d 1001; *Landry v State of New York,* 1 AD2d 934, affd 2 NY2d 927.) We find, as a matter of law, that there were not before the Court of Claims sufficient facts to present a case for the exercise of discretion. In any event, if the court decided it as a matter of discretion, such discretion was exercised improvidently *(Landry v State of New York, supra).* In view of our conclusion, the appeal from the order denying defendant's motion for dismissal for failure to state a cause of action is rendered academic. Order entered April 18, 1975 reversed, on the law and the facts, and claim dismissed, without costs. Appeal from order entered June 20, 1975 dismissed, as academic, without costs. Koreman, P. J., Mahoney, Main, Larkin and Herlihy, JJ., concur.