■ PAULINE RIOS et al., Respondents, v STATE OF NEW YORK, Appellant. —Appeal from an order of the Court of Claims, entered on July 13, 1977, which granted claimants' application for leave to serve a late notice of claim. Claimants are husband and wife and were occupants of a car which was involved in a one-car accident on the Palisades Interstate Parkway on December 2, 1976. These claims against the State are based upon allegations of negligence of the State in the removal of snow and ice from the parkway. The claims were not filed within the 90-day period and thereafter a motion was made for leave to file late claims. The Court of Claims granted the motion as to both claimants, and the State has appealed. Claims against the State to recover damages for personal injuries caused by negligence must be filed within 90 days after the accrual of such claim (Court of Claims Act, § 10, subd 3). Section 10 of the Court of Claims Act also contains a provision for filing a late notice of claim (Court of Claims Act, § 10, subd 6) which was amended effective September 1, 1976. Previously, even though permission to file late was addressed to the court's discretion, three mandatory requirements had to be met before such discretion could be exercised *(De Marco v State of New York,* 43 AD2d 786, affd 37 NY2d 735). The amendment requires that the court "consider" certain factors, among others. This change of language evinced an intent to give the Court of Claims wider discretion and, in the proper case, to permit a late filing where less than all of said factors favor same *(Sessa v State of New York,* 88 Misc 2d 454, affd 63 AD2d 334). In this manner, litigants with meritorious claims would be afforded their day in court *(Matter of Flannery v State of New York,* 91 Misc 2d 797). In the case before us, there appear to be enough factors in favor of allowing the wife to file a late claim so that it cannot be said that the Court of Claims abused its discretion in so ruling. It appears that her claim is meritorious and that the State had notice of the essential facts constituting the claim, an opportunity to investigate the underlying circumstances, and would not be prejudiced by the late filing. Even though the wife's allegation that she was totally disabled stood alone and was not accompanied by a physician's affidavit, this technical imperfection does not outweigh the other factors which favor allowing a late filing in this case. The husband's claim is a derivative one for loss of consortium and his wife's medical expenses. Since the husband's cause of action is separate and distinct from that of his wife for personal injuries *(Filer v New York Cent. R. R. Co.,* 49 NY 47, 56; 41 Am Jur, Husband and Wife, § 460), he could have brought his action even though no suit had been brought by his wife *(Rush v Bauerle,* 49 Misc 2d 595). Accordingly, the husband cannot take advantage of his wife's excuse for failing to file a timely claim and the Court of Claims had no basis on which to grant him leave to file notice of claim *(Landry v State of New York,* 1 AD2d 934). Order modified, on the law and the facts, by reversing so much thereof as granted Hector Rios leave to file a late notice of claim, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.