104

Frank Bernardi, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Interstate Amiesite Corp., Respondents.

Argued October 8, 1981, before President Judge CRUMLISH, JR. and Judges BLATT and CRAIG, sitting as a panel of three.

*J. Kerrington Lewis, Lewis and Stockey,* for petitioner.

*Joseph F. Grochmal, Fried, Kane, Walters & Zuschlag,* for respondent, Interstate Amiesite Corp.

OPINION BY JUDGE CRAIG, December 8, 1981:

This appeal questions a denial of compensation by the Workmen's Compensation Appeal Board to claimant,[1] a laborer, affirming a referee's decision.

---

[1] Frank Bernardi.

In his claim petition, claimant alleged that on June 27, 1978, while he was riding in the back of a flatbed truck, several bundles of signs fell on claimant, causing a spinal fracture and strained back muscles. Claimant alleged that he was disabled from July 1, 1978 to July 6, 1978 and from October 3, 1978 to the present.

In the answer, the employer denied any knowledge of the injury before October 2, 1978, and further averred: (1) the entire road construction project was closed from July 1, 1978 through July 6, 1978 for the July Fourth holiday; and (2) claimant was laid off from the completed project on October 2, 1978.

Claimant, the only witness who testified, also introduced four depositions from the three physicians who had treated him. Each deposition contained a history of the accident which claimant gave the doctor; the histories were contradictory.[2]

Defendant also offered by stipulation the report of Dr. Novak. In the history claimant gave Dr. Novak, claimant stated that he had injured his left arm, left leg, and currently had pain in his lower back.[3] Dr. Novak found no objective basis for his complaints, stating the accident date as June 30, 1978.[4]

---

[2] In order, claimant saw Dr. Gombar, a chiropractor, Dr. Gennaula, a family doctor, and Dr. Gehl, an orthopedic surgeon. Dr. Gombar had seen claimant before the accident for a neck problem. He testified that claimant had been hurt on June 27, 1978 by a traffic sign while a passenger in a truck. Dr. Gennaula testified that claimant had injured himself on a traffic sign two months before his October 3, 1978 appointment. Dr. Gehl testified in his first deposition that claimant was driving the truck at the time the injury occurred.

[3] When claimant was first treated on June 30, 1978 in North Hills Passavant Hospital's Emergency Room, he complained only about problems with his left arm and did not mention his back.

[4] In Dr. Gehl's second deposition, he stated that no essential differences existed among any of the medical findings.

In deciding against the claimant, the referee found that claimant lacked credibility. We cannot discard that finding because questions of credibility are for the referee and he may accept or reject in whole or in part the testimony of any witness as he in his lawful discretion sees fit. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977).

In finding against the claimant, the referee relied on several aspects of the claimant's case: (1) confusion as to the date of the injury; (2) evidence of an earlier injury; (3) confusion as to whether claimant was a passenger in the truck or driving the truck at the time of the injury; and (4) confusion as to whether one sign or several signs caused the injury. The referee's function is to resolve such conflicts in the testimony. *Cuffey v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 306, 412 A.2d 919 (1980).

In deciding against the claimant, the referee relied on the report of Dr. Novak over the depositions claimant used. There is no capricious disregard of the evidence[5] when the referee relies on one medical report over several conflicting reports. *Phillips v. Butler County Mushroom Farm,* 52 Pa. Commonwealth Ct. 219, 415 A.2d 935 (1980). Furthermore, the depositions are based in part on claimant's histories, as to which the referee found claimant to be not credible.

Claimant also contends that the board erred in not considering an admission of liability on the part of the

---

[5] When the party with the burden of proof does not persuade the referee, our scope of review is limited to whether the findings of fact are consistent with the conclusion and order and whether the findings of fact can be sustained without a capricious disregard of the evidence. *Children's Aid & Family Services v. Workmen's Compensation Appeal Board,* 53 Pa. Commonwealth Ct. 379, 417 A.2d 1297 (1980).

defendant. Of course, parties may enter into stipulations fixing liability.[6] In this case, however, there are no such stipulations in the record. The only reference to them is at the end of one portion of the hearing where counsel indicate that such stipulations might be made and the claim petition withdrawn, but apparently no such stipulations were submitted.

In view of the record, we cannot say there has been a capricious disregard of the evidence. Therefore, we affirm the board's order denying compensation.

### ORDER

Now, December 8, 1981, the Workmen's Compensation Appeal Board's order No. A-78777 denying compensation is hereby affirmed.

---

[6] Act of June 2, 1915, P.L. 736, art. IV, §411, *as amended*, 77 P.S. §752.