Linda SAMA

v.

CARDI CORPORATION et al.

No. 88–434–A.

Supreme Court of Rhode Island.

Feb. 1, 1990.

Mark Thomas Buben, Coia & Lepore, Providence, for plaintiff.

Donald J. Maroney, Providence, for defendant.

## OPINION

FAY, Chief Justice.

This matter is before the Supreme Court on the appeal of the plaintiff, Linda Sama, from a Superior Court judgment granting the defendant Cardi Corporation's motion for summary judgment.

The facts relevant to this appeal are as follows. In December 1984 Michael Sama, plaintiff's husband, was injured in the course of his employment with defendant. Pursuant to G.L.1956 (1979 Reenactment) chapter 29 of title 28, the Workers' Compensation Act, Mr. Sama received workers' compensation benefits for thirty-seven weeks. During this time he also received dependency benefits for plaintiff and for each of the couple's three children, pursuant to G.L.1956 (1979 Reenactment) § 28–33–17, as amended by P.L.1982, ch. 32, art. 1, § 6.

In December 1987 plaintiff filed an action in the Superior Court pursuant to G.L. 1956 (1985 Reenactment) § 9–1–41, alleging loss of consortium resulting from Mr. Sama's injuries. The defendant moved for summary judgment, and the court granted said motion. The court held that because plaintiff's husband had collected workers' compensation benefits and because a portion of these payments constituted dependency benefits for plaintiff, plaintiff was precluded by the exclusivity provision of the Workers' Compensation Act, G.L.1956 (1979 Reenactment) § 28–29–20, as amend-

ed by P.L.1982, ch. 32, art. 1, § 1, from pursuing a cause of action for loss of consortium.[1]

On appeal plaintiff argues that § 28–29–20 should not be applied to bar her cause of action because, by its terms, § 28–29–20 applies solely to the rights and remedies of an employee. She maintains that § 9–1–41 provides her with a cause of action that is separate and distinct from that of her employee-husband to which § 28–29–20 does not apply. We disagree.

The plaintiff's argument raises issues of first impression in this jurisdiction, requiring us to interpret both the § 9–1–41 cause of action and the § 28–29–20 exclusivity provision.

Section 9–1–41 provides, in relevant part, that "[a] married person is entitled to recover damages for loss of consortium caused by tortious injury to his or her spouse." The plaintiff argues that this section provides her with a separate and distinct cause of action to which § 28–29–20 does not apply, presumably because her injury is not one for which her husband could be compensated.

■ The plaintiff's argument is flawed because it misconstrues the nature of the § 9–1–41 cause of action. Prior to the enactment of § 9–1–41, this court held that a wife's right to recover against a defendant master for loss of consortium is derivative and depends upon her husband's right to recovery. *Mariani v. Nanni*, 95 R.I. 153, 154, 185 A.2d 119, 120 (1962). We do not believe that in enacting § 9–1–41 the Legislature intended to change the nature of the loss-of-consortium cause of action from derivative to independent. No such intent is evident on the face of the statute, nor does the statutory language mandate the drawing of an inference of such intent. Thus, an action for loss of consortium under § 9–1–41, although a separate cause of ac-

tion as plaintiff maintains, is not an independent action but a derivative one that is attached to the claim of the injured spouse. It arises from the injured spouse's physical injury and is dependent upon the success of the underlying tort claim.

It is the derivative nature of the loss-of-consortium cause of action that brings it within the purview of the exclusivity provision of the Workers' Compensation Act. Because plaintiff's rights are derivative, they depend upon her husband's right to recover against defendant. If the husband has no such right, it follows that plaintiff has no such right either. *Mariani*, 95 R.I. at 154, 185 A.2d at 120.

■ The plaintiff's husband received workers' compensation benefits under the Workers' Compensation Act. Therefore, § 28–29–20 operates to extinguish all rights and remedies he might otherwise have. He is barred from pursuing a tort action for physical injuries against the defendant. Accordingly the plaintiff is similarly barred from recovering for loss of consortium resulting from those injuries.

For the foregoing reasons the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.

---

1. General Laws 1956 (1979 Reenactment) § 28–29–20, as amended by P.L.1982, ch. 32, art. 1, § 1 provides:

"Rights in lieu of other rights and remedies.— The right to compensation for an injury under chapters 29 to 38, inclusive, of this title, and the remedy therefor granted by said chapters, shall be in lieu of all rights and remedies as to such injury now existing, either at common law or otherwise against an employer, or its directors, officers, agents or employees; and such rights and remedies shall not accrue to employees entitled to compensation under said chapters while they are in effect, except as otherwise provided in §§ 28–36–10 and 28–36–15."