[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Defendant issued a policy of automobile liability insurance to plaintiff Frank Bors, Jr. and his now deceased wife Florinda Amado-Bors covering two automobiles, for which they paid two premiums. On December 24, 1986 Frank Bors drove his wife and his sister-in-law, Amelia Ferreira to midnight mass at St. Joseph's Church on Broadway in Newport in one of the cars. He parked it in the church lot on the west side of Broadway, they crossed to the church and attended mass. When it was over, it was raining lightly and he, because of a physical disability which slowed him down, went ahead of the two women to open the car for their arrival. While still on the crosswalk, he heard a commotion behind him, turned, and saw his wife and sister-in-law struck by a northbound vehicle, they both being behind him in the crosswalk when hit. His wife was fatally injured and his sister-in-law sustained serious bodily injuries. The offending vehicle was uninsured.
Frank Bors, Jr., for himself and as administrator of the estate of his late wife, brought this declaratory judgment action to establish that uninsured coverage here was $600,000. per person and $1,000,000. per accident, that the policy covered his wrongful death claim, as administrator, his own personal and psychic injury damages and his claim for loss of consortium, the latter claim included in the "per accident" coverage. Plaintiff Amelia Ferreira avers that she too is entitled to recover for her injuries.
While there is no question that Florinda Amado-Bors was covered, as a family member, defendant moved for partial summary judgment on the grounds that Amelia Ferreira, not a family member, was not "occupying" the vehicle at the time of injury, and so was not an insured under the policy. Judgment is also sought in the claim of Frank Bors that the policy limit of $300,000. applies and that he is not permitted to stack coverage, that his loss of consortium claim is limited to the "per person" limit of the policy and that the total sum available to him is $300,000.
Before the Court are a copy of the policy, affidavit of Amelia Ferreira, and several answers to interrogatories taken in a companion case brought by the same plaintiffs against the uninsured motorist and other parties. Both sides submitted memoranda, each containing a great number of cases from Rhode Island and from other jurisdictions.
To qualify for coverage, plaintiff Ferreira must bring herself within the policy language that she was "occupying" the vehicle at the time of injury. The definition of "occupy" in the policy reads as "in, upon, getting in, on, out or off" the motor vehicle. Both sides cite General Accident Insurance Company ofAmerica v. Olivier, 574 A.2d 1240 (R.I. 1990), which adopted a set of four applicable criteria from a Pennsylvania decision. But the facts here are entirely different from those in Olivier,
and do not bring her within the adopted criteria. Here, she was crossing a public highway, in a crosswalk, on her way to a motor vehicle in a parking lot on the far side of Broadway. To hold that under the policy language she was then and there "occupying" the motor vehicle would so torture the plain policy language that Noah Webster would rise from his grave in protest. Suppose these plaintiffs had gone to a sold-out ball game at McCoy Stadium, and parked a quarter mile or so away. Could it be said that after leaving the ball park, and they were injured by an uninsured motorist while returning to their car which was still a quarter mile away, that they were "occupying" the vehicle? The Court is unable to distinguish such a situation from the one at hand and is satisfied there is no coverage.
As to plaintiff Frank Bors, Jr., the Court is satisfied his claim for loss of consortium is within the "per person" language. While the claim is based on a statutory right, it arises from the injury to and death of his wife. Sama v. Cardi Corp.,569 A.2d 432 (R.I. 1990) makes it clear that such action is not independent, but is a derivative one, attached to the claim of the spouse.
Finally, as to the stacking of coverages, the policy language which prohibits stacking is clear and unambiguous. Constant v.Amica Mutual Insurance Company, 497 A.2d 343 (R.I. 1985) held that clear antistacking language was valid. But, plaintiffs argue that subsequent to the Constant decision, the general assembly barred antistacking language, R.I.G.L. 1956 § 27-7-2.1(C) asamended, and that the language of the amendment is such that it should be given retroactive effect, emphasizing that it applies "whenever an insured has paid (2) or more separate premiums ____." Such language, they contend, removes the amendment from the general proposition that statutes and their amendments are presumed to operate prospectively "unless it appears by clear strong language or by necessary implication that the Legislature intended to give the statute retroactive effect." VanMarter v.Royal Indemnity Co., 556 A.2d 41 (R.I. 1989).
Here, the amendment was P.L. 1987 435 § 1, and it became effective July 1, 1987. The policy here was in effect from September 13, 1986 to March 13, 1987; it was no longer in existence when the amendment became effective. In any event, the Court is not satisfied that the amendment's wording meets theVanMarter standard.
Defendants' motion for partial summary judgment is granted and, because this is one the Supreme Court will undoubtedly review, the Court invokes R.C.P. 54(b), directs entry of final judgment for defendant for costs, holds there is no just reason for delay, expressly directs the entry of judgment, and sends the case on its way.