### AMICA MUTUAL INSURANCE CO.

v.

### Mary Ann JORGE.

### No. 92–599–Appeal.

Supreme Court of Rhode Island.

Oct. 28, 1993.

Robert A. D'Amico, II, Dennis J. McCarten, Hanson, Curran & Parks, Providence, for plaintiff.

Dominic Shelzi, David C. Moretti, Moretti & Perlow, Cranston, for defendant.

## OPINION

### PER CURIAM.

This matter came before the Supreme Court pursuant to an order directing the defendant to appear and show cause why the plaintiff's appeal should not be summarily sustained. In this case, the plaintiff, Amica Mutual Insurance Co. (Amica), had brought an action for declaratory judgment. Amica appeals from the Superior Court judgment granting the motion for summary judgment of the defendant, Mary Ann Jorge (Jorge). In reaching that judgment, the trial court ruled that the liability limit of $25,000 in Amica's automobile insurance policy was available to satisfy the claims of Jorge for damages sustained by her, notwithstanding the fact that Amica had previously paid its limit of $25,000 to settle personal-injury claims of Jorge's minor unemancipated daughter.

Following a demand for additional benefits under its insured's policy, Amica brought this action for declaratory judgment, asking the Superior Court to declare that the additional claim for loss of consortium was subject to the $25,000 "each person" liability

limitation. The parties filed cross-motions for summary judgment.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown. The insurance policy in question contains the following language:

"The limit of liability shown in the Declarations for 'each person' for Bodily Injury Liability is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident. Subject to this limit for 'each person', the limit of liability shown in the Declarations for 'each accident' for Bodily Injury Liability is our maximum limit of liability for all damages for bodily injury resulting from any one auto accident. * * * This is the most we will pay regardless of the number of:

1. Covered persons;

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident."

We are of the opinion that the issue before us is controlled by our holdings in *Allstate Insurance Co. v. Pogorilich,* 605 A.2d 1318 (R.I.1992), and *Horton v. United Services Automobile Association,* 604 A.2d 784 (R.I. 1992). This case was presented to the trial court as a loss-of-consortium claim. The only person injured was defendant's daughter, and the claims for further benefits arose directly from that injury and were inextricably linked to it.

Arguments concerning damages sustained from independent economic losses, such as medical bills and other incidental costs, raised for the first time on appeal, will not be considered. *International Depository, Inc. v. State,* 603 A.2d 1119, 1122 (R.I. 1992).

For these reasons the plaintiff's appeal is sustained, the judgment appealed from is reversed, and the papers of the case are remanded to the Superior Court with direction that judgment be entered for the plaintiff.

FAY, C.J., did not participate.