The Superior Court order is affirmed and the plaintiff's appeal is denied and dismissed.

■

## Thomas VOYER

v.

## NEW ENGLAND CHEMICAL CO. et al.

### No. 93–97–Appeal.

Supreme Court of Rhode Island.

Dec. 16, 1993.

Dominic Shelzi, David Moretti, Cranston.

Peter Clarkin, Edward Gnys, III, Providence.

## ORDER

This case came before the court for oral argument on December 8, 1993, on the appeal of Thomas Voyer (plaintiff) from the entry of judgment in favor of New England Chemical Company and Craig Supply Company (defendants). We deny and dismiss the appeal.

The plaintiff was injured on September 10, 1987, while he was delivering barrels of industrial strength hydrogen peroxide to a hospital while employed by Calore Trucking Company (Calore). Defendant New England Chemical Company (New England) supplied hydrogen peroxide to defendant Craig Supply Company (Craig) from whom Calore obtained the chemical. New England transferred the peroxide from 55–gallon drums to 15–gallon containers for shipping to Craig.

While plaintiff unloaded the containers he noticed that his hands were wet (he was not wearing gloves) and then felt burning. He was treated at the hospital.

At trial, plaintiff introduced the testimony of a cargo damage inspector, hired by Calore.

The inspector examined the barrels two days after the injury when the barrels were empty. No cracks, splits or defects were found. The inspector speculated that leakage could have been caused by overfilling the containers or that the drums could have tipped or fallen on their sides.

The plaintiff alleges that the trial justice applied products liability law instead of assessing the evidence under a simple negligence standard. Craig and New England contend that there is no evidence of either negligence or defective products.

We are of the opinion that the trial justice correctly concluded that plaintiff had not established the requisite elements for a products liability case, whether brought under a theory of negligence, strict liability or breach of warranty.

Both the trial justice and this court on review must view the evidence in the light most favorable to the non-moving party without weighing the evidence or assessing the credibility of the witnesses. *See AAA Pool Service and Supply, Inc. v. Aetna Casualty and Surety Co.,* 479 A.2d 112 (R.I.1984). Regardless of the fact of the injury, there was no evidence presented which causally linked the injury to either of the defendants, nor was there evidence of a defective product. The evidence, furthermore, did not support the application of the *res ipsa loquitur* doctrine which requires the occurrence of an event that would not happen without negligence, by an agent within the exclusive control of the defendant, without any contribution or voluntary action of the plaintiff. Prosser, Torts 214 (4th ed. 1971).

Consequently, we affirm the judgment of the Superior Court, and deny and dismiss the appeal.