**Brian M. HODOR et al.**

v.

**UNITED SERVICES AUTOMOBILE ASSOCIATION.**

No. 93–79–M.P.

Supreme Court of Rhode Island.

Feb. 11, 1994.

Stephen P. Nugent, Providence, for plaintiff.

Jessica Papazian–Ross, Providence, for defendant.

## OPINION

LEDERBERG, Justice.

This matter came before the Supreme Court on the petition for certiorari of United Services Automobile Association (USAA) seeking review of the Superior Court's denial of its motion for summary judgment. For the reasons stated herein, we reverse the Superior Court order.

In October 1988 Brian M. Hodor and Karen E. Hodor (plaintiffs) were insured under a policy with USAA that provided uninsured-motorists coverage in the amount of $100,000 for each person and $300,000 for each accident. Under the terms of the policy, plaintiffs' three automobiles were "covered autos" and plaintiffs, along with their son, Brian M. Hodor II (Brian), were "covered persons." On October 29, 1988, Brian, while a passenger in a car being operated by an uninsured motorist, sustained personal injuries when the car collided head-on with another vehicle. The plaintiffs, court-appointed coguardians of Brian, thereafter recovered an uninsured-motorist claim on Brian's behalf with their insurer, USAA. The plaintiffs executed a release in favor of USAA for the sum of $300,000 for bodily injuries sustained by Brian in the accident. In the release, plaintiffs specifically reserved their right to any parental claim for loss of society and companionship under G.L.1956 (1985 Reenactment) § 9–1–41, as amended by P.L.1988, ch. 544, § 1.

On October 7, 1991, plaintiffs filed a declaratory-judgment action asking the Superior Court to construe the uninsured-motorists provisions of their policy with USAA and to declare that their claim for loss of society and companionship is not a derivative claim but is a separate and distinct cause of action subject to the "each accident" limit of liability. In response, USAA filed a counterclaim, seeking declaration that the loss of society and companionship is a derivative claim subject to the "each person" limit of liability. On November 30, 1992, the trial justice denied USAA's motion for summary judgment.

In reviewing the propriety of a summary-judgment order, "this court must determine, after considering the papers submitted to the trial court on the motion in the light most favorable to the nonmoving party, whether a genuine issue of material fact remains to be disputed." *DiQuinzio v. Panciera Lease Co.*, 612 A.2d 40, 44 (R.I.1992).

In denying USAA's motion for summary judgment, the trial justice ruled that a claim for loss of society and companionship as found in § 9–1–41(c) is a separate cause of action and not a derivative suit. In *Amica Mutual Insurance Co. v. Jorge*, 632 A.2d 341, 342 (R.I.1993), decided subsequent to the trial justice's denial of the motion for summary judgment, we ruled that a loss-of-society claim is a derivative suit. In *Jorge* we reasoned that the "only person injured was defendant's daughter, and the claims for further benefits arose directly from that injury and were inextricably linked to it." *Id.* Thus, we found that a claim for loss of society was subject to the "per person" and not the "per accident" limit of liability. *Id.*

Based on *Jorge*, therefore, we hold that the trial justice in the instant case erred in ruling that a loss-of-society claim is a separate cause of action. *See id.*

With this issue resolved, the question then becomes whether a genuine issue of material fact precluded the granting of USAA's motion for summary judgment. The plaintiffs argue that summary judgment is inappropriate in the instant case because an apparent contradiction between the amount of coverage allowed under the each-person limit of liability for uninsured-motorists coverage and the each-accident limit of liability for uninsured-motorists coverage creates an ambiguity. We find no ambiguity in the policy.

■ When a contract is clear and unambiguous, "the meaning of its terms constitutes a question of law for the court." *O'Connor v. McKanna*, 116 R.I. 627, 634, 359 A.2d 350, 353 (1976). We have determined that an insurance contract is ambiguous when the terms are susceptible to more than one reasonable interpretation. *Bartlett v. Amica Mutual Insurance Co.*, 593 A.2d 45, 47 (R.I.1991).

In the instant case, under the plain language of the "limit of liability" provisions of the uninsured-motorists coverage, the each-person coverage contained in the Declarations Sheet for uninsured-motorists coverage can be "stacked" on the basis of the number of automobiles covered by the policy.[1] Because plaintiffs had three automobiles covered by the policy, USAA's per-person limit of liability for bodily injury is: $100,000 (the each-person uninsured-motorists coverage) *times* three covered autos, for a total of $300,000 for each person. The limit-of-liability provisions of the policy further explain that the each-person limit of liability for uninsured-motorists coverage includes "all direct, derivative or consequential damages." Thus, because *Jorge* mandates that a loss-of-companionship claim is derivative, plaintiffs' claim in the instant case is subject to the each-person limit of $300,000.

■ Combining this analysis with the each-accident limit of liability provisions for uninsured-motorists coverage does not create ambiguity, as plaintiffs have alleged. The limit-of-liability provisions of the uninsured-motorists coverage also allows stacking of the each-accident coverage, giving a total of: $300,000 (the uninsured-motorists coverage for each accident) *times* three covered autos, for a maximum of $900,000 for each accident. But, the policy clearly states that the "each-accident" limit of liability is *"subject to [the] limit for 'each person.'"* (Emphasis added.) The limit for each person in the instant case, as noted, is $300,000. Thus, although USAA's liability for each accident is $900,000, its liability to any one covered person involved in the accident is capped at the each-person limit of $300,000. Such a result is the only reasonable interpretation of the policy; accordingly, as an unambiguous document, the policy must be applied as written, namely, as limiting USAA's liability to $300,-000. *Malo v. Aetna Casualty and Surety Co.*, 459 A.2d 954, 956 (R.I.1983).

In conclusion, based on our recent holding in *Jorge*, we hold that the plaintiffs' loss-of-society and companionship claim is a derivative action that is subject to the uninsured-motorists coverage's each-person limit of lia-

---

1. The limit-of-liability provision provides in pertinent part:

"When there is more than one insured vehicle:
1. the limit of liability for Uninsured Motorists Coverage stated in the Declarations for 'each person' applicable to that **your covered auto**, plus the sum of the limits of liability for Uninsured Motorists Coverage stated in the Declarations for 'each person' applicable to any other of **your covered autos** is our maximum limit of liability for all damages, including but not limited to, all direct, derivative or consequential damages recoverable by any persons, arising out of **bodily injury** sustained by any one person in any one accident; and

2. *subject to this limit for 'each person'* the limit of liability for Uninsured Motorists Coverage stated in the Declarations for 'each accident' applicable to that **your covered auto**, plus the sum of the limits of liability for Uninsured Motorists Coverage stated in the Declarations for 'each accident' applicable to any other of **your covered autos** is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident.
"This is the most we will pay regardless of the number of:
1. **Covered persons;**
2. Claims made; or
3. Vehicles involved in the accident."
(Emphasis added.)

bility for bodily injury contained in the policy. As a matter of law, the policy is clear and unambiguous and limits USAA's liability to $300,000. Thus, there was no genuine issue of material fact, and summary judgment should have been granted in USAA's favor.

Accordingly, for the reasons stated herein, the petition for certiorari is hereby granted. The order denying the motion for summary judgment is quashed, and the case is remanded to the Superior Court with our decision endorsed thereon.