[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The matter before the Court is defendant's Motion to Dismiss this complaint on the ground that plaintiff's claim is derivative and thus cannot succeed independently of the primary claim which has been settled.
The parties allege that plaintiff, William Egan, is the husband of Bette Egan. Mrs. Egan, in a separate action, alleged she was injured as a result of defendant's negligence. She sought recovery in the case of Bette Egan v. Roger Ashley C.A. WC 93-241. That suit was dismissed by stipulation when the parties entered into a settlement agreement. Mrs. Egan executed a "full and final release of all claims arising out of the loss of April 5, 1991" in favor of the defendant. The release discharged all claims that Mrs. Egan "asserted or could have asserted against Roger Ashley." The settlement check was payable to and cashed by Bette A. Egan only.
Mr. Egan is now claiming damages as a direct result of Roger Ashley's negligence and alleges he was deprived of his wife's companionship and society. He further alleges he has incurred and will continue to incur expenses for his wife's care and medical treatment.
Defendant is moving to dismiss on the ground that Roger Egan's claim for loss of consortium is derivative of that of his wife. Since Bette's claim no longer exists, defendant claims that William's cannot proceed. Sama v. Cardi Corporation, et al.,569 A.2d 432 (R.I. 1990).
The sole function of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint. Palmigiano v. State,120 R.I. 402, 387 A.2d 1382 (R.I. 1978). Because dismissal of the action is a harsh remedy, the motion should be granted only when it is clear beyond a reasonable doubt that the plaintiff is not entitled to any relief under any set of circumstances. Ellis v.Rhode Island Public Transit Authority, 586 A.2d 1055 (R.I. 1991). In testing the sufficiency of the complaint, the Court must construe the complaint in the light most favorable to the plaintiff, resolve all doubts in plaintiff's favor and accept the allegations as true. Grasso v. Byrd, 417 A.2d 911 (R.I. 1980).
It is axiomatic that a claim for loss of consortium under General Laws 1956 (1985 Reenactment) § 9-1-41A is derivative in nature. Hodor v. United Service Auto. Assoc., 637 A.2d 357
(R.I. 1994), Normandin v. Levine, 621 A.2d 713 (R.I. 1993);Sama v. Cardi Corp., 567 A.2d 432 (R.I. 1990). Since a consortium claim is an outgrowth of the primary claim for personal injuries, if the defendant in that claim is immune from suit or otherwise protected from suit as a matter of law, he or she enjoys those same protections in the derivative action.Sama, 569 A.2d 433. If, however, the defendant enjoys no such protection from liability then his or her alleged negligence to the injured spouse supports not only the primary suit for damages but the spouse's separate cause of action for loss of consortium as well. Sama, 569 A.2d at 433.
Despite its derivative beginnings, the Supreme Court has recognized that loss of consortium is a separate and distinct cause of action. Normandin v. Levine, 621 A.2d 716; Sama v.Cardi Corp., supra. Thus a claim for loss of consortium is only derivative so far as it is not actionable unless the defendant is liable to the injured spouse whose injuries consequently resulted in the loss of society and companionship.
In Hodor v. United Services, the Court revised the findings of the trial justice that a loss of society claim was a separate and distinct cause of action subject to the "each accident" limit of liability of the insurance contract. Hodor, 637 A.2d 357. InHodor the "per person" limits of the uninsured motorist provisions of the insurance policy were exhausted by a settlement in favor of Brian Hodor, III. His parents then attempted a suit for loss of society and companionship under the "each accident" limit of liability and not the "per person" limits. However, when United Services Automobile Association paid Brian Hodor the maximum per person payment it was contracted for, it thereupon extinguished its liability for subsequent derivative claims charged under the same insurance contract. Since Brian Hodor's claim for damages in excess of the uninsured policy limits would fail as a matter of contract law, so would any derivative claim.Hodor does not address the question of the viability of a derivative claim for damages where the policy limits have not been met.
This case is not about the maximum coverage provided for in an insurance contract. Mrs. Egan's claim was not involuntarily terminated as a matter of law, Sama v. Cardi Corp., or "capped" due to the policy limits of an insurance policy, Hodor. Rather, her claim and her claim alone was negotiated and settled. A cause of action could have proceeded to trial but instead she chose to accept a settlement.
Derivative though it is, Mr. Egan's claim is subject to the same defenses assertable against Mrs. Egan's claim but the derivative nature of the claim does not give one spouse the right to waive or terminate the rights of the other spouse. Neely v.Kossove, 437 A.2d 788 (N.J. 1984). While the plaintiff's claim flows from the injury to his wife, it only seeks to redress the injury caused to the plaintiff who was deprived of the companionship and society of his wife. The claim accrues only to Mr. Egan and cannot be waived by Mrs. Egan. Neely v. Kossove,
437 A.2d at 790. For these reasons, a release by one spouse does not extinguish the defendant's potential liability for damages to the other spouse for loss of consortium. That is particularly true where, as here, the other spouse neither signs the release or is a payee on the settlement check.
The defendant also raises a Rule 12(b)(7) defense and seeks dismissal of the action on the ground that plaintiff William Egan failed to join his wife, the injured spouse, as an indispensable party. The argument simply begs the question of whether or not a claim for loss of consortium can survive a settlement of the personal injury action.
Defendant confuses the question of the mandatory joinder of parties with that of the mandatory joinder of claims. The question is whether or not the non-injured spouse possesses a particular or special interest sufficient to permit him to seek relief without the joinder of the claim of his wife, not the mere presence of his wife as a party to the suit. Daluz v.Hawksley, 116 R.I. 49, 351 A.2d 820 (1976).
Other jurisdictions have addressed the question of the mandatory joinder of derivative claims. Siskind v. Norris, etals., 548 N.Y.S.2d 160 (AD 1 Dept. 1989); Brown v. Metzger,455 N.E.2d 834 (Ill. App. 2 DIST. 1983), and have held that while it is derivative of the original cause of action, it remains a separate property right of the deprived spouse. Indeed, other courts have recognized that a husband could have brought his action even where the wife has not brought suit. Siskind v.Norris, 548 N.Y.S.2d 160 citing Rios v. State of New York,67 A.D.2d 744, 412 N.Y.S.2d 227. This reasoning recognizes the obvious fact in spousal relationships today that one spouse may not compel another spouse to do very much, including joining a lawsuit he or she does not wish to pursue. To hold that one spouse's mandatory participation in litigation is necessary for the other spouse's claim to survive is the antithesis of the modern spousal relationship. Such an argument flies in the face of the history surrounding the development of the claim for damages arising out of loss of consortium.
Historically in Rhode Island a husband's damages resulting from his wife's injuries were limited to compensation for the loss of her homemaker services and for expenses incurred for her care and treatment. The Rhode Island Supreme Court consistently refused to recognize a cause of action for loss of companionship and society. Golden v. R.I. Greene Paper Co., 44 R.I. 231, 116 A.2d 579 (1922); Martin v. United Electric Railways Co.,71 R.I. 137, 42 A.2d 897 (1945) despite the trend in other jurisdictions. See: Diaz v. Eli Lilly and Company,302 N.E.2d 555 (Mass. 1973) and cases cited therein. Only upon the enactment of P.L. 1984, ch. 64 was § 9-1-41 amended to include a cause of action for loss of consortium. It was only given prospective application after its creation. Amaral v. Cabral, 494 A.2d 94
(R.I. 1985). There is nothing in the history of this cause of action or in § 9-1-41 that requires the participation of the injured spouse.
CONCLUSION
After a careful review of the case law and memoranda filed by the parties, the Court concludes the Motion to Dismiss should be and is denied.
Counsel shall prepare an order consistent with this decision.