**Supreme Court**

No. 2012-56-Appeal.

(PC 04-6863)

Nelson Cruz et al.                    :

v.                    :

DaimlerChrysler Motors Corp. et al.        :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Nelson Cruz et al.                       :

v.                                       :

DaimlerChrysler Motors Corp. et al.      :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Indeglia, for the Court.**   Airbags are a relatively modern safety feature in passenger vehicles; they are designed to deploy in the event of a collision.  When the airbags in a stationary vehicle unexpectedly deploy, as they did in this case, something has gone wrong.  The question presented in this appeal is whether the hearing justice correctly concluded that the seller of that vehicle could not be held legally responsible for the resulting harm.  This case came before the Supreme Court, sitting at Exeter-West Greenwich Regional High School in West Greenwich, Rhode Island, on April 4, 2013, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After carefully considering the written and oral submissions of the parties, we are satisfied that this appeal may be resolved without further briefing or argument.  For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

### I

### Facts and Travel

On December 28, 2004, Nelson Cruz and his wife, Elaine Cruz (collectively, plaintiffs), filed a complaint against DaimlerChrysler Motors Corporation (DaimlerChrysler) and Ricky

Smith Pontiac GMC, Inc. (Ricky Smith). The complaint alleged that, on or about December 30, 2001, Cruz was cleaning the inside of his minivan—a 1996 Grand Caravan manufactured by DaimlerChrysler—when both front airbags unexpectedly deployed, injuring him. Cruz had purchased this vehicle three years earlier from Ricky Smith, a car dealership in Weymouth, Massachusetts. According to Cruz, before he purchased the vehicle, one of Ricky Smith's employees had informed him that the vehicle was safe and had never been involved in an accident. Cruz alleged that the vehicle had, in fact, been in at least one accident before he purchased it.

Based on these facts, Cruz alleged negligence and strict products liability against both defendants.[1] He also sought recovery against Ricky Smith for negligent misrepresentation and against DaimlerChrysler based on failure to warn and negligent design. Additionally, Elaine Cruz claimed damages from both defendants for loss of consortium.[2] The Cruzes later moved to amend their complaint under Rule 15 of the Superior Court Rules of Civil Procedure by adding a count seeking recovery based on the doctrine of res ipsa loquitur.[3] That motion was granted in May 2010.

In an answer filed on January 18, 2005, DaimlerChrysler denied liability and raised several affirmative defenses. After DaimlerChrysler filed a suggestion of bankruptcy in May

---

[1] Because plaintiffs conceded below that summary judgment should enter in Ricky Smith's favor on the claim for strict products liability, we do not discuss the parties' arguments relating to that cause of action.

[2] Under G.L. 1956 § 9-1-41(a), "[a] married person is entitled to recover damages for loss of consortium caused by tortious injury to his or her spouse." Such an action is "derivative" and "is dependent upon the success of the [spouse's] underlying tort claim." Fiorenzano v. Lima, 982 A.2d 585, 591 (R.I. 2009) (quoting Sama v. Cardi Corp., 569 A.2d 432, 433 (R.I. 1990)).

[3] This Latin phrase means "the thing speaks for itself." Black's Law Dictionary 1424 (9th ed. 2009). It is not an independent cause of action, but rather a doctrine under which a plaintiff may establish a prima facie case of negligence. See id.; see also Olshansky v. Rehrig International, 872 A.2d 282, 288 (R.I. 2005). We discuss this doctrine in detail in part IV-A, infra.

2009, plaintiffs dismissed all claims against it pursuant to Rule 41(a)(1) of the Superior Court Rules of Civil Procedure, which permits voluntary dismissal of claims.

Ricky Smith moved for summary judgment on all counts on October 28, 2010. Regarding plaintiffs' claim for negligence, it argued that plaintiffs "ha[d] produced no evidence to show that the [airbag] incident took place as a result of a defect which [it] knew or should have known of or that even existed in the vehicle when it was sold." It highlighted the lack of expert testimony about why the airbags had deployed—a matter beyond the common knowledge of a layperson. The plaintiffs could not make out a claim for negligence using the doctrine of res ipsa loquitur, it argued, because Ricky Smith had no control over the vehicle and plaintiffs had not eliminated other potential causes for the incident. Regarding plaintiffs' claim for negligent misrepresentation, it argued that the evidence was insufficient to support this claim. Finally, it contended that, under the doctrine of spoliation, summary judgment should be entered in its favor because plaintiffs had failed to retain the vehicle, preventing Ricky Smith from inspecting it.[4]

The plaintiffs objected to Ricky Smith's motion for summary judgment on January 19, 2011. In an accompanying memorandum, plaintiffs refuted each of Ricky Smith's arguments. Additionally, in an affidavit supporting their objection to Ricky Smith's motion for summary judgment, plaintiffs averred that various employees at Ricky Smith had told them that the vehicle was not defective, had not been involved in any accidents, and had not had any major repairs.

---

[4] "The doctrine of spoliation provides that 'the deliberate or negligent destruction of relevant evidence by a party to litigation may give rise to an inference that the destroyed evidence was unfavorable to that party.'" McGarry v. Pielech, 47 A.3d 271, 282 (R.I. 2012) (quoting Mead v. Papa Razzi Restaurant, 840 A.2d 1103, 1108 (R.I. 2004)). After the incident, plaintiffs failed to make payments on the vehicle; it was eventually repossessed. During Nelson Cruz's deposition in 2006, counsel for DaimlerChrysler indicated that the vehicle had been located in Brooklyn, New York.

The plaintiffs further maintained that they relied on these representations in purchasing the vehicle.

Regarding the negligence claim, plaintiffs argued that the facts presented "a classic case for the application of the doctrine of res ipsa loquitur, which was intended to eliminate the very evidentiary strictures applicable to proving proximate cause cited by Ricky Smith." Citing to precedent from both this Court and the Superior Court, they claimed that Ricky Smith had misstated the law relevant to this doctrine. Regarding the negligent misrepresentation claim, plaintiffs asserted that both circumstantial evidence and their affidavit constituted evidence of their reliance on the representations regarding the condition of the vehicle. Finally, plaintiffs contended that Ricky Smith could not claim entitlement to summary judgment under the doctrine of spoliation because it had an opportunity to inspect the vehicle and because plaintiffs did not deliberately or negligently destroy it.

The matter came before a justice of the Superior Court on February 1, 2011.[5] On the negligence claim, she found that plaintiffs "ha[d] failed to produce evidence that [Ricky Smith] caused harm to [them]." She noted that plaintiffs had produced no evidence, such as an inspection report or expert testimony, to demonstrate that Ricky Smith was negligent. She also found that plaintiffs could not make out a claim for negligence using the doctrine of res ipsa loquitur. On the misrepresentation claim, she found that plaintiffs had submitted no evidence to show that any of Ricky Smith's employees knew that the statements they allegedly made about the vehicle's condition were false. Accordingly, the trial justice granted Ricky Smith's motion for summary judgment on all counts.

---

[5] At the outset, the hearing justice noted that she had heard arguments "[w]ith respect to the negligence claim" a week earlier. The docket sheet indicates that a hearing scheduled for January 25, 2011, was continued by agreement of the parties. The parties have not submitted a transcript from a hearing on that date.

Judgment entered on February 18, 2011. The plaintiffs then timely appealed to this Court.

## II

### Issue on Appeal

The issue on appeal is whether the trial justice correctly granted Ricky Smith's motion for summary judgment on plaintiffs' claims of negligence and negligent misrepresentation. On appeal, the parties reiterate the arguments they advanced below. The plaintiffs' primary contention is that the doctrine of res ipsa loquitur should apply in this case. The vehicle must have been defective, they contend, or else the airbags would not have deployed in the absence of an impact while the car was stationary. According to plaintiffs, their deposition testimony demonstrates that the vehicle's airbag system had neither malfunctioned nor been altered before this incident. Ricky Smith, they argue, had a duty to discover and disclose any defect with the vehicle. Additionally, plaintiffs maintain that Ricky Smith incorrectly suggested to the hearing justice that the doctrine of res ipsa loquitur was inapplicable because they had not eliminated all other possible causes of the accident. The plaintiffs also argue that the hearing justice misstated the law relevant to their claim of misrepresentation and therefore erred in granting summary judgment on that claim.

## III

### Standard of Review

"[S]ummary judgment is a drastic remedy, and a motion for summary judgment should be dealt with cautiously." DeMaio v. Ciccone, 59 A.3d 125, 129 (R.I. 2013) (quoting Estate of Giuliano v. Giuliano, 949 A.2d 386, 390 (R.I. 2008)). Ordinarily, claims sounding in negligence are appropriately resolved through a trial, but summary adjudication is proper when the "facts

suggest only one reasonable inference." Id. at 130 (quoting Kennedy v. Providence Hockey Club, Inc., 119 R.I. 70, 77, 376 A.2d 329, 333 (1977)). This Court reviews de novo the granting of a motion for summary judgment, and it applies the same standard used by the hearing justice. Id. at 129 (citing Jessup & Conroy, P.C. v. Seguin, 46 A.3d 835, 838 (R.I. 2012) and Papudesu v. Medical Malpractice Joint Underwriting Association of Rhode Island, 18 A.3d 495, 497 (R.I. 2011)). "We will affirm the grant of summary judgment only '[i]f we conclude, after viewing the evidence in the light most favorable to the nonmoving party, that there is no genuine issue of material fact to be decided and that the moving party is entitled to judgment as a matter of law * * *.'" Id. (quoting Pereira v. Fitzgerald, 21 A.3d 369, 372 (R.I. 2011)).

## IV

## Discussion

### A

### Negligence

The four elements of negligence are "a legally cognizable duty owed by a defendant to a plaintiff, a breach of that duty, proximate causation between the conduct and the resulting injury, and the actual loss or damage." Olshansky v. Rehrig International, 872 A.2d 282, 289 (R.I. 2005) (quoting Mills v. State Sales, Inc., 824 A.2d 461, 467 (R.I. 2003)). Because plaintiffs lack direct proof of Ricky Smith's negligence, they have attempted to make out a prima facie negligence claim through the doctrine of res ipsa loquitur. This doctrine "establishes inferential evidence of a defendant's negligence * * * and casts upon a defendant the burden of rebutting the same to the satisfaction of the jury." Id. at 288 (quoting McLaughlin v. Moura, 754 A.2d 95, 98 (R.I. 2000)). Before addressing whether the hearing justice erred in finding that plaintiffs

- 6 -

could not maintain a negligence claim against Ricky Smith based on <u>res ipsa loquitur</u>, we first provide an overview of this doctrine.

In <u>Parrillo v. Giroux Co.</u>, 426 A.2d 1313, 1320 (R.I. 1981), this Court adopted § 328D of the Restatement (Second) <u>Torts</u>. This approach permits an inference of negligence on a defendant's part when:

> "(a) the event is of a kind which ordinarily does not occur in the absence of negligence; (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff." Restatement (Second) <u>Torts</u> § 328D(1) at 156 (1965).

In adopting this approach, <u>Parrillo</u> expressly disavowed a previous requirement that <u>res ipsa loquitur</u> applied only where the defendant had exclusive control of the instrumentality which harmed the plaintiff. 426 A.2d at 1320.

Our jurisprudence on this doctrine became somewhat inconsistent in <u>Parrillo</u>'s wake. In 1987, citing a decision that predated <u>Parrillo</u>, we appeared to restore the requirement of exclusive control. <u>See</u> <u>Sousa v. Chaset</u>, 519 A.2d 1132, 1136 (R.I. 1987) (citing <u>Montuori v. Narragansett Electric Co.</u>, 418 A.2d 5, 13 (R.I. 1980)). Similarly, a 1993 order (citing pre-<u>Parrillo</u> authority) suggested that the exclusive control requirement was alive and well. <u>See</u> <u>Voyer v. New England Chemical Co.</u>, 634 A.2d 1175, 1176 (R.I. 1993) (mem.) (citing William L. Prosser, <u>Handbook of the Law of Torts</u> ch. 6 at 214 (4th ed. 1971)). In 1998, we recognized that <u>Parrillo</u> "part[ed] company" with the exclusive control requirement. <u>See</u> <u>Errico v. LaMountain</u>, 713 A.2d 791, 796 (R.I. 1998). The following year, however, we made an about-face. <u>See</u> <u>Lauro v. Knowles</u>, 739 A.2d 1183, 1185 (R.I. 1999) (citing <u>Voyer</u>, 634 A.2d at 1176). We last resurrected the exclusive control requirement in 2005, again relying on pre-<u>Parrillo</u> authority. <u>See</u> <u>Olshansky</u>, 872 A.2d at 288-89 (citing <u>Lauro</u>, 739 A.2d at 1185).

We take this opportunity to reaffirm Parrillo's adoption of § 328D of the Restatement (Second) Torts. "[T]he critical inquiry is not control, but whether a particular defendant is the responsible cause of the [plaintiff's] injury." Parrillo, 426 A.2d at 1320. To the extent that our prior decisions are inconsistent with Parrillo, they are no longer to be followed.

After reviewing our precedent on the doctrine of res ipsa loquitur and carefully examining the facts of this case, we conclude that plaintiffs cannot avail themselves of this doctrine to make out a claim for negligence against Ricky Smith. Roughly three years passed between the purchase of the vehicle in December 1998 and the airbag malfunction in December 2001. The plaintiffs assert that Ricky Smith had a duty to discover whatever defect made the vehicle's airbags spontaneously deploy. This assertion assumes that the vehicle was defective when it was sold. Had the airbags deployed shortly after plaintiffs purchased the vehicle, res ipsa loquitur might have permitted that inference, but it is not supported by these facts.

We agree with plaintiffs' assertion that "[t]he spontaneous deployment of air bags [sic] while a passenger is cleaning out a vehicle is an event which ordinarily does not occur in the absence of negligence." However, "[i]t is * * * insufficient to show that the accident is of the kind that does not ordinarily occur without negligence; the negligence must point to the defendant." Konicki v. Lawrence, 475 A.2d 208, 210 (R.I. 1984). In this case, "other responsible causes" have not been "sufficiently eliminated by the evidence." See Parrillo, 426 A.2d at 1320 (quoting Restatement (Second) Torts § 328D(1)(b)). Accordingly, we hold that the hearing justice properly granted summary judgment in Ricky Smith's favor on plaintiffs' negligence claim.

# B

## Negligent Misrepresentation

The tort of negligent misrepresentation has four elements:

> "(1) a misrepresentation of a material fact; (2) the representor must either know of the misrepresentation, must make the misrepresentation without knowledge as to its truth or falsity or must make the representation under circumstances in which he [or she] ought to have known of its falsity; (3) the representor must intend the representation to induce another to act on it; and (4) injury must result to the party acting in justifiable reliance on the misrepresentation." Manchester v. Pereira, 926 A.2d 1005, 1012 (R.I. 2007) (quoting Mallette v. Children's Friend & Service, 661 A.2d 67, 69 (R.I. 1995)).

In their complaint, plaintiffs alleged that, when Ricky Smith sold Cruz the vehicle, its employee(s) "informed [him] that the Caravan was a safe vehicle and had no accident history." They further alleged that "[i]n fact, the Caravan was not safe and had been in at least one accident prior to its sale to Cruz." In granting Ricky Smith summary judgment on this claim, the hearing justice found that plaintiffs had produced "no facts [to] demonstrate[ ] that the salesperson knew at the time the statement was false."[6]

We agree with plaintiffs that "when Ricky Smith * * * began volunteering information as to the vehicle in question, it assumed a duty not to misinform [them]." In our view, however, the claim for negligent misrepresentation must fail because none of the evidence suggests that the statements about the vehicle's condition were false when they were made. The record contains no evidence of the vehicle's condition when it was sold. Such evidence is necessary to demonstrate that Ricky Smith made "a misrepresentation of a material fact"—the first element of

---

[6] The hearing justice did not fully state the appropriate inquiry, which is whether Ricky Smith's employees knew or should have known that those statements were false when made. See Manchester v. Pereira, 926 A.2d 1005, 1012 (R.I. 2007) (citing Mallette v. Children's Friend & Service, 661 A.2d 67, 69 (R.I. 1995)).

a claim for negligent misrepresentation.  See Manchester, 926 A.2d at 1012 (quoting Mallette, 661 A.2d at 69); see also Brochu v. Santis, 939 A.2d 449, 452 (R.I. 2008) ("A party facing summary judgment may not 'rest upon mere allegations * * * in the pleadings * * *.'" quoting Rhode Island Depositors Economic Protection Corp. v. Tasca, 729 A.2d 707, 709 (R.I. 1999)). Standing alone, the fact that the airbags unexpectedly deployed in late 2001 does not mean that the vehicle was unsafe when it was sold three years earlier.  Because plaintiffs did not establish the existence of a genuine issue of material fact with regard to their claim for negligent misrepresentation, the hearing justice properly granted summary judgment to Ricky Smith on this cause of action.  See Papudesu, 18 A.3d at 497.

Finally, because we conclude that the hearing justice properly granted summary judgment in Ricky Smith's favor on Nelson Cruz's claims of negligence and misrepresentation, Elaine Cruz is necessarily barred from recovering damages for loss of consortium.  See Fiorenzano v. Lima, 982 A.2d 585, 591 (R.I. 2009) (citing Sama v. Cardi Corp., 569 A.2d 432, 433 (R.I. 1990)).

## V

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court, to which we remand the record in this case.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**       Nelson Cruz et al. v. DaimlerChrysler Motors Corp. et al.

**CASE NO:**            No. 2012-56-Appeal.
                        (PC 04-6863)

**COURT:**              Supreme Court

**DATE OPINION FILED:**  May 20, 2013

**JUSTICES:**           Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**         Associate Justice Gilbert V. Indeglia

**SOURCE OF APPEAL:**    Providence County Superior Court

**JUDGE FROM LOWER COURT**:

                        Associate Justice Sarah Taft-Carter

**ATTORNEYS ON APPEAL:**

                        For Plaintiffs:  Anthony F. Cottone, Esq.

                        For Defendant:  David O. deAbreu, Esq.