## NARRAGANSETT MILLING Co. *vs.* CHARLES E. SALISBURY, Admr.

MAY 26, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is an action in assumpsit against the estate of James M. Ford on a claim filed in the Probate Court of the Town of Scituate and disallowed by the administrator. The case is here on plaintiff's exception to the direction of a verdict for the defendant.

Said Ford died March 13, 1930. During a period of more than ten years preceding his death he had been doing business with Centredale Grain Company, which was one of numerous branch stores operated by the Narragansett Milling Co. From 1894 until a few days after the death of Mr. Ford the Narragansett Milling Co. existed and did business as a New Jersey corporation. A few days after Ford's decease, a new corporation having the same name was formed under the laws of Delaware. The assets and business, including accounts receivable, of the New Jersey corporation were assigned to the Delaware corporation which then continued the operation of the branch stores, including the Centredale Grain Company.

When the first notice to creditors of the Ford estate was published, the new corporation directed the manager of Centredale Grain Company to file the claim against the Ford estate. On April 28, 1930, a claim for $4,619.39 was filed in the name ,of Centredale Grain Company. The administrator disallowed the claim on November 24, 1930. Within six months thereafter this suit was commenced in the name of the Narragansett Milling Co., the Delaware corporation.

After the time for commencing suit had expired, counsel for the plaintiff learned that the claim accrued to the old corporation and came to the new corporation by assignment. Recognizing that the action should have been brought in the name of the old company for the benefit of the new one which had the beneficial interest, said counsel, relying upon

the provisions of Sec. 23, Chap. 333, G. L. 1923, moved to so amend that the plaintiff would be the Narragansett Milling Co., a corporation duly created under the laws of the state of New Jersey, suing for the benefit of the Narragansett Milling Co., a corporation duly created under the laws of the state of Delaware, assignee. The motion was granted and a demurrer to the amended declaration was overruled. Thereafter, the defendant, still contending that the amendment in effect constituted a new cause of action commenced after the period limited for commencing actions against estates, pleaded the statute of limitations in bar.

At the trial the plaintiff submitted all its evidence, including its books, which tended to show that $4,619.39—the amount of the claim as filed—was due plaintiff from decedent, James M. Ford, on March 13, 1930, the date of his decease; that after the claim was filed a credit of $11.80 was given for some grain bags returned by a representative of Mr. Ford's estate and that the net amount due the plaintiff was $4,607.59 plus interest. The defendant introduced cancelled checks of the decedent showing that considerable sums of money had been paid to the plaintiff by Ford. The plaintiff introduced evidence to show that Ford had received credit for all these checks. Each party moved for a direction of a verdict.

The trial justice denied the plaintiff's motion and granted the defendant's motion for a directed verdict. In directing the verdict for defendant said justice stated, as the reason for this ruling, his belief that the ruling permitting the amendment as to the party plaintiff was erroneous and that such amendment was in effect the beginning of a new action after the expiration of the six months period of limitations for bringing suit against estates.

The first question is whether the trial court had jurisdiction to permit the amendment as to the party plaintiff. In ruling that the Superior Court acted without jurisdiction in allowing the amendment, the trial justice relied upon *Thayer* v. *Farrell*, 11 R. I. 305. When that case was

decided the statute permitting amendments was much less liberal than at the present time. See Chap. 199, G. S. 1872; Sec. 34, Chap. 204, P. S. 1882. The present statute, Sec. 23, Chap. 333, G. L. 1923, provides as follows: "Sec. 23. No action shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added and summoned in and parties misjoined may be dropped, by order of the court at any stage of the cause, as justice may require, in the discretion of the court, and upon such terms as the court may order. When any action has been commenced in the name of the wrong party as plaintiff, the court, if satisfied that it has been so commenced through mistake, and that it is necessary for the determination of the real matter in dispute so to do, may allow any other party or parties to be substituted, or added, as plaintiff or plaintiffs."

In *Woonsocket Rubber Co.* v. *Banigan*, 21 R. I. 146 and in *Taylor* v. *Superior Court*, 30 R. I. 560, this court held that under our present statute, which is more liberal, the trial court had jurisdiction to grant an amendment by adding or substituting a new party plaintiff. In the latter case it appears that A, an incompetent under guardianship, had performed services for B in his lifetime, and after B's death that A filed a claim in his own name without reference to his guardian. Upon disallowance of the claim, A secured an attorney who brought suit in A's name alone. Thereafter the guardian died and another was appointed in his stead. The new guardian, on learning of the suit improperly brought, sought to intervene in order that the writ and declaration might be so amended that A would be legally and properly before the court by his guardian. In the meantime the period of the statute of limitations had run. Defendant opposed the amendment. His contention was that such an amendment at that time would be tantamount to authorizing a new action to be brought after the statutory limit. The court held that the amendment was properly allowed and said that: "Under the ample powers of amendment contained in Gen. Laws 1909, cap. 285, § 4

(which is the same as our present statute) the Superior Court had undoubted authority to permit said amendments to be made."

In *Bowen* v. *Nat'l. Life Ass'n*, 27 Atl. 1059, the Supreme Court of Errors of Connecticut, in construing a statute substantially the same as ours, held that even after the time limited for commencing suit an amendment could be made substituting as plaintiff the representative of the estate of an assignor.

In 37 C. J. (note 81) p. 1067, it is stated that: "Substituting the party having the legal right to sue instead of one improperly named as plaintiff is in no sense the commencing of a new suit, but so far as defendant is concerned the suit will be regarded as commenced at the time of the original issuing and service of the summons." See also *U. S. Ins. Co.* v. *Ludwig*, 108 Ill. 514; *Oberman* v. *Camden Fire Ins. Ass'n*, 314 Ill. 264; *Mo., K. & T. Ry. Co.* v. *Wulf*, 226 U. S. 570.

In the case before us the old action was continued. The rule is different when, after the period of limitations has expired, there is an attempt to summon in a new defendant or change the nature of the action. *Carney* v. *Hawkins*, 34 R. I. 297; *Mockel* v. *Pawt. Gas Co. &c.*, 48 R. I. 485; *Cramer* v. *Healey*, 48 R. I. 183.

Having found that the trial court erred in directing a verdict for the defendant, the question arises whether the plaintiff's motion for the direction of a verdict for $4,607.59 with interest should have been granted.

The plaintiff's books, which were regularly kept, showed an indebtedness by defendant of $4,607.59. The defendant offered no evidence bearing on the merits of the claim except cancelled checks totalling $4,300. It appeared that defendant had received credit for all these checks.

It was suggested that plaintiff had failed to prove delivery of some of the bills of goods. It appears that some of the grain sold was ordered by Mr. Ford for his customers. In

some instances Ford rode on plaintiff's truck and saw the grain delivered to his customers. It appears that he was regularly sent statements as to deliveries and as to the condition of his account; that he made no complaint as to charges and quite frequently made payments on account. We think that by its books and other evidence plaintiff made a *prima facie* case as to deliveries. See Chapter 1161, P. L. 1928; *Goff Co.* v. *Lunn*, 48 R. I. 416.

The exception to the direction of a verdict for the defendant and the exception to the refusal to direct a verdict for plaintiff are sustained. The defendant may, if he shall see fit, appear on the fifth day of June, 1933, and show cause, if any he has, why the case should not be remitted to the Superior Court with direction to enter judgment for the plaintiff for $4,607.59 with interest.

*Atwood, Remington, Thomas & Levy, Charles C. Remington, Ernest P. B. Atwood,* for plaintiff.

*W. Louis Frost,* for defendant.