JULIUS PLAINE *vs.* GEORGE SAMDPERIL.

APRIL 18, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This case is here on plaintiff's exceptions to the denial of his motion to amend and to the granting of the defendant's motion for a directed verdict.

The defendant, having become involved in a dispute with one David Rosenblatt over a claim for a commission on the sale of real estate, entered into an agreement with said Rosenblatt to submit the dispute to arbitration. The arbitrators awarded to Rosenblatt the sum of $750 which he assigned to the plaintiff, Julius Plaine, and the defendant was notified of the assignment. On defendant's refusal to

pay, the present action was instituted. When the case was called for trial the plaintiff moved to amend the writ and declaration so as to have it appear that the action was brought in the name of David Rosenblatt for the benefit of the present plaintiff, Julius Plaine.

The motion to amend should have been granted. Section 23 of Chapter 333, G. L. 1923, provides: "When any action has been commenced in the name of the wrong party as plaintiff, the court, if satisfied that it has been so commenced through mistake, and that it is necessary for the determination of the real matter in dispute so to do, may allow any other party or parties to be substituted, or added, as plaintiff or plaintiffs." The mistake clearly appears in the declaration which recites the assignment of claim by Rosenblatt to the present plaintiff, thus bringing the case within the rule requiring that the action must be brought in the name of the assignor. *Royal Insurance Co., Ltd.* v. *Kirwin*, 51 R. I. 165.

There is no merit in the defendant's contention that to permit the amendment is to deprive him of the right to plead the statute of limitations which he could do if the action were commenced *de novo*. This aspect of the case is controlled by *Narragansett Milling Co.* v. *Salisbury*, 53 R. I. 296, where, on a similar state of facts, it was held that substituting the proper party plaintiff for one improperly named is a continuation of the original action.

The plaintiff's exceptions are sustained and the case is remitted to the Superior Court for a new trial with direction to allow the writ and declaration to be amended in accordance with plaintiff's motion and to allow ten days thereafter for the filing of additional pleas by the defendant, if he so desires.

*Frank H. Bellin*, for plaintiff.

*Max Winograd, Joseph Goodman, William J. Carlos*, for defendant.