Ronald NORMANDIN

v.

Jay LEVINE.

No. 92–3–M.P.

Supreme Court of Rhode Island.

March 10, 1993.

Karen Davidson and Annette B. Elseth, Lovett Schefrin Gallogly & Harnett, Providence, for plaintiff.

James A. Ruggieri, Higgins, Cavanagh & Cooney, Providence, for defendant.

## OPINION

**WEISBERGER, Justice.**

This case comes before us on a petition for certiorari filed by the plaintiff, Ronald Normandin (plaintiff or Normandin), seeking review of an order entered in the Superior Court that denied in part his motion to amend his complaint. In the amendment Normandin sought, inter alia, to add a claim for loss of consortium made by his spouse, Geraldine Normandin (Geraldine). We affirm. The facts insofar as pertinent to this petition are as follows.

On February 5, 1990, plaintiff filed a complaint in the Providence Superior Court against defendant, Jay Levine (Levine). According to the complaint, on or about October 19, 1988, Levine negligently operated his motor vehicle and caused it to strike the rear portion of the vehicle that Normandin was operating. The complaint, filed within the statutory period prescribed by G.L.1956 (1985 Reenactment) § 9-1-14, alleged that as a result of the collision Normandin suffered personal injuries, lost wages and earning capacity, and sustained other damages.

On October 25, 1991, more than three years after the alleged collision, plaintiff filed a motion to amend the complaint to include the claims of Geraldine and their two minor children, Eric and Jessica, for loss of consortium and loss of society, services, and companionship. The parties asserted their claims pursuant to § 9-1-41, as amended by P.L.1988, ch. 544, § 1. That statute reads in pertinent part as follows:

> "Loss of consortium—Loss of society and companionship.—(a) A married person is entitled to recover damages for loss of consortium caused by tortious injury to his or her spouse. * * * (d) Actions under this section shall be brought within the time limited under § 9-1-14."

Section 9-1-14 provides in relevant part as follows:

> "Limitation of actions for words spoken or personal injuries. * * * (b) Actions for injuries to the person shall be commenced and sued within three (3) years next after the cause of action shall accrue, and not after."

A justice of the Superior Court heard oral argument on the motion on November 14, 1991. In an order entered on December 3, 1991, the justice granted plaintiff's motion to amend the complaint to include his children's claims but denied the motion with respect to Geraldine's loss-of-consortium claim. Thereafter, on January 2, 1992, Normandin filed a petition for writ of certiorari with this court, seeking review of the portion of the order that prevented Geraldine from asserting her claim. Levine objected to the petition on the ground that the expiration of the three-year statute of limitations for loss-of-consortium claims in a personal-injury action barred the amendment of Geraldine's claim to the complaint.

The issue before us is clear and fairly narrow. We must decide whether the trial justice erred in denying plaintiff's motion

to amend his timely filed complaint to add his spouse's loss-of-consortium claim when the three-year statute of limitations for such a claim had expired.

■ At the outset we must remember that this court affords great deference to the trial justice's ruling on a motion to amend. We have long held both that the decision about whether to permit a party to amend his or her pleading is one that is left exclusively to the sound discretion of the trial justice and that we shall not disturb that decision unless it constitutes an abuse of discretion. *Mainella v. Staff Builders Industrial Services, Inc.*, 608 A.2d 1141, 1143 (R.I.1992); *Dionne v. Baute*, 589 A.2d 833, 835–36 (R.I.1991); *Vincent v. Musone*, 572 A.2d 280, 282 (R.I.1990); *McVeigh v. McCullough*, 96 R.I. 412, 423–24, 192 A.2d 437, 444 (1963).

Turning to the present case, in support of his contention that the trial justice erred in denying the motion to amend, Normandin relies solely on the provisions set forth in Rule 15 of the Superior Court Rules of Civil Procedure. First, he argues that this court has consistently interpreted Rule 15 liberally to permit amendments to pleadings absent a showing by the party opposing the motion that he or she would incur extreme prejudice if the motion was granted. *See Wachsberger v. Pepper*, 583 A.2d 77, 78 (R.I.1990); *Inleasing Corp. v. Jessup*, 475 A.2d 989, 993 (R.I.1984). Second, he contends that Geraldine's claim is not time barred because, pursuant to subsection (c) of Rule 15, the proposed amendment related back to the date that he filed the original complaint, which was well within the three-year statute-of-limitations period for a personal-injury cause of action. Rule 15(c) provides as follows:

"(c) *Relation Back of Amendments.* Whenever the claim o[r] [1] defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment re-

lates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party would not be prejudiced in maintaining his or her defense on the merits, and (2) knew or should have known that but for a mistake the action would have been brought against him."

We are of the opinion that Normandin's reliance on Rule 15 is misplaced, and we disagree with his contentions.

■ In general the provisions of Rule 15(c) speak to the substitution of a new defendant to an action, not a new plaintiff. It is true that on occasion this court has permitted a party to amend the complaint to add a new plaintiff. However, in such an instance the amendment was granted to substitute into the action the proper plaintiff for one improperly named in the original complaint. *See Plaine v. Samdperil*, 54 R.I. 214, 172 A. 330 (1934); *Narragansett Milling Co. v. Salisbury*, 53 R.I. 296, 166 A. 502 (1933).

Clearly in the instant case Normandin sought to add a new plaintiff to the action. He maintains, however, that the rule does not exclusively apply to a new party-defendant and that the essence of the rule is that the amendment arise from the same facts, conduct, transaction, or occurrence set forth in the original pleading. Furthermore Normandin argues that since Geraldine's claim had arisen from the same facts that were alleged in his complaint, Levine was effectively put on notice of her claim as of the date of the original pleading. Therefore, he concludes, the loss-of-consortium claim, although brought after the limitations period had expired, should neverthe-

---

1. The *Michie* version of Rule 15(c) of the Superior Court Rules of Civil Procedure contains a typographical error and is incorrect. The rule should read as above. *See Silva v. Brown &* *Sharpe Mfg. Co.*, 524 A.2d 571, 573 n. 3 (R.I. 1987); *see also* 1 Kent, R.I. Civil Prac. 148 (1969).

less relate back to the timely filed complaint. We are unpersuaded.

 First and foremost it is of paramount import that we recognize that a claim for loss of consortium is a separate and distinct cause of action. *Sama v. Cardi Corp.*, 569 A.2d 432, 433 (R.I.1990). Although the claim is derivative in nature and inextricably linked to the injured spouse's action, *Mariani v. Nanni*, 95 R.I. 153, 154, 185 A.2d 119, 120 (1962), each spouse maintains an entirely unique cause of action under the law and the assertion of one spouse's right within the statutory period of limitations will not excuse the failure of the other spouse to assert within the statute of limitations his or her own separate right.

It is clear, then, that the trial justice did not err in denying the plaintiff's motion to amend.[2] There is no dispute that Normandin's cause of action against Levine accrued on or about October 19, 1988. Interpreting § 9–1–41(d) according to its plain, unambiguous language, *see Rhode Island Federation of Teachers, AFT, AFL–CIO v. Sundlun*, 595 A.2d 799, 802 (R.I.1991); *Providence Journal Co. v. Kane*, 577 A.2d 661, 664 (R.I.1990); *Wilson v. Krasnoff*, 560 A.2d 335, 339 (R.I.1989), we hold it is axiomatic that Geraldine had three years from the date of the accident in which to file her claim for loss of consortium. The record before us shows uncontrovertibly that Normandin filed the motion to amend the complaint to add Geraldine's claim on October 24, 1991. Consequently, since the motion to amend was filed more than three years after the cause of action accrued, Geraldine's claim is barred by the expiration of the limitations period prescribed in §§ 9–1–41 and 9–1–14. We are therefore constrained to hold that her claim does not relate back under Rule 15(c) to the original, timely filed complaint.

2. We wish to point out that the allowance of an amendment to a complaint has a significant discretionary component. However, observance of the statute of limitations is a matter of law and not a matter of judicial discretion. In the case at bar the trial justice could have granted the motion to amend without prejudice to a

For the reasons stated, the petition for certiorari is denied, the writ heretofore issued is quashed, and the order of the Superior Court is affirmed. The papers in the case may be remanded to the Superior Court with our decision endorsed thereon.

challenge by defendant on statute-of-limitations grounds. The trial justice chose to consider defendant's statute-of-limitations challenge as opposition to the motion to amend. Thus consolidating the issues did not constitute an abuse of discretion.