Americo C. BUONANNO, III

v.

COLMAR BELTING COMPANY, INC., et al.

No. 98–365–A.

Supreme Court of Rhode Island.

May 28, 1999.

Donna M. DiDonato, Providence.

C. Russell Bengtson, James A. Ruggieri, Providence, Daniel P. McKiernan; John H. Bruno, II, Worcester, MA.

J. William Harsch, Carolyn Ann Mannis.

### ORDER

The plaintiff, Americo C. Buonanno, III, appeals from a Superior Court judgment dismissing count 14 of the plaintiff's fourth amended complaint. After consideration of the prebriefing materials, this case was

assigned to the full court at a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. At this time, we proceed to decide this appeal without further briefing and argument.

On September 30, 1993, the plaintiff was severely injured when his arm became caught in a conveyor belt machine used in a recycling process for his employer, New England Ecological Development, Inc. (NEED). Defendant Louis Vinagro owns the premises where the jury occurred. The plaintiff filed a complaint alleging negligence against a number of defendants, including Vinagro.

Shortly before the expiration of the statute of limitations, the plaintiff filed a third amended complaint which added count 13 against Vinagro for negligent design, assembly, installation, and consulting services in regards to the conveyor belt. Approximately one year later, the plaintiff sought to file a fourth amended complaint to add count 14 for premises liability against Vinagro. A Superior Court justice granted the plaintiff's motion to amend, finding that "the premises liability is a slightly different slant on the same argument" contained in count 13. Vinagro filed a petition for writ of certiorari with this court seeking review of the order granting the plaintiff's motion to amend. We denied plaintiff's petition "without prejudice, however, to the petitioner's right to raise the defense of the statute of limitations in respect to the respondent's fourth amended complaint through the filing of an appropriate motion or pleading with the Superior Court in this matter."

Subsequently, Vinagro filed a motion to dismiss count 14 on statute of limitations grounds. This motion was heard by another Superior Court justice, who granted it, ruling that count 14 did not relate back to count 13 of the third amended complaint because the act of owning the premises constituted a different factual scenario than Vinagro's alleged involvement in the design and manufacture of the conveyor belt. Judgment was entered in accordance with Super.R.Civ.P. 54(b).

The plaintiff first argues that the law-of-the-case doctrine precluded the second judge from dismissing count 14. The plaintiff contends that the first judge essentially ruled on the statute of limitations issue in granting the motion to amend the complaint by adding count 14.

Under the law-of-the-case doctrine, "[o]rdinarily, after one judge has decided an interlocutory matter in a pending suit, a second judge on that same court, when confronted at a later stage of the suit with the same question in the identical manner, should refrain from disturbing the first ruling." *Richardson v. Smith,* 691 A.2d 543, 546 (R.I.1997). We conclude that the statute of limitations issue did not present itself to the second judge in the same manner in which the first judge examined the issue. We have previously noted that "the allowance of an amendment to a complaint has a significant discretionary component. However, observance of the statute of limitations is a matter of law and not a matter of judicial discretion." *Normandin v. Levine,* 621 A.2d 713, 716 n. 2 (R.I.1993). Because the statute of limitations issue did not arise in an identical manner before both judges, the law-of-the-case doctrine is inapplicable.

Next, plaintiff argues that the second judge erred in finding that count 14 of the fourth amended complaint did not relate back to count 13 of the third amended complaint. Plaintiff contends that Vinagro's failure to maintain his premises and equipment in a safe condition, as alleged in count 14, relates to the negligent design, assembly and installation allegations of count 13.

We do not agree. In looking at whether an amended complaint relates back to a timely previous complaint, courts must determine "whether the amended pleading alleges a matter that arises out of the same 'conduct, transaction, or occurrence set forth or attempted to be set forth in

the original pleading.'" *Mainella v. Staff Builders Indus. Serv.*, 608 A.2d 1141, 1143 (R.I.1992), In *Mainella*, we decided that allegations in an amended complaint of negligent hiring, training and supervision did not relate back to the original complaint's claim of negligence under respondeat superior. *Id.* at 1144–1145. We stated that the conduct of negligent hiring and supervision did not arise out of the same occurrence as the allegations of negligence under respondeat superior in the original complaint. *Id.* at 1145.

Similarly, the act of designing, assembling, and installing a mechanical conveyor belt concerns a wholly different occurrence from the act of maintaining the equipment and the real property where the equipment is located. Because the premises liability allegation of count 14 does not relate back to the same occurrence or transaction as do the negligent design, assembly, and installation allegations of count 13, we conclude that count 14 was properly dismissed as untimely under the statute of limitations.

Therefore, for the reasons specified herein, the plaintiff's appeal is denied and dismissed. The judgment appealed from is affirmed, and the papers are remanded to the Superior Court.