Nellie FRANCIS

v.

Joshua BROWN.

No. 00–280–A.

Supreme Court of Rhode Island.

June 11, 2001.

Nellie S. Francis, pro se.

Joseph B. Carty, Jr., Providence.

## O R D E R

This case came before this Court at a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. After reviewing the record and the parties' prebriefing statements, we proceed to decide the case at this time without further briefing or argument.

The plaintiff appeals pro se from a Superior Court order denying her motion for reconsideration of an order granting the defendant's motion for assessment of counsel fees and denying her motion to retake a deposition of a witness. She is also appealing an order denying her motion for the assessment of "pro se" fees against the defendant.

The plaintiff filed the instant action against the defendant, an adjoining property owner, alleging negligence for defendant's failure to properly maintain trees that extend onto the plaintiff's property. Following the filing of the complaint, the parties filed various pretrial motions and objections thereto, which resulted in the orders that are being appealed.

The defendant asserts that the plaintiff's appeal of the pretrial orders is interlocutory, and therefore, not reviewable. We agree with this assertion. "It is well settled that this court will only entertain a direct appeal from a final order." *Anjoorian v. Kilberg,* 711 A.2d 638 (R.I.1998) (mem.). Here, the plaintiff is appealing pretrial orders, which are not final orders or judgments. "Interlocutory orders are those that are provisional or temporary, or that decide some intermediate point or matter but are not a final decision of the whole matter." *Simpson v. Vose,* 702 A.2d 1176, 1177 (R.I.1997). Additionally, this is not a case that meets one of the statutory exceptions to the rule against review of interlocutory orders. It is not an appeal from the granting of an injunction, the appointment of a receiver, or an order requiring the sale of property. *See* G.L. 1956 (1997 Reenactment) § 9–24–7. Nor is this an appeal from an order which, although interlocutory, possesses such an element of finality that the court will act to prevent clearly imminent and irreparable harm. *See McAuslan v. McAuslan,* 34 R.I. 462, 472, 83 A. 837, 841 (1912).

Because the orders appealed from are interlocutory, this appeal is not properly

before this Court and, therefore, we deny and dismiss the plaintiff's appeal.