Imerio J. BALLETTA et al.

v.

Ellen M. McHALE.

No. 2002–331–Appeal.

Supreme Court of Rhode Island.

May 27, 2003.

Stephen White, Warwick, for Plaintiff.

Brian T. Burns, Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, and GOLDBERG, JJ.

## O P I N I O N

PER CURIAM.

The plaintiff, Imerio J. Balletta (plaintiff), appeals from a grant of partial summary judgment in favor of the defendant, Ellen M. McHale (defendant), dismissing a loss of consortium claim in this personal injury action. This case came before the Court for oral argument on April 9, 2003, pursuant to an order that directed both parties to appear and show cause why the issues raised by this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. For the reasons set forth herein, we affirm the judgment of the Superior Court. The facts pertinent to this appeal are as follows.

## I

### Facts and Travel

On January 21, 2000, plaintiff filed a civil action against defendant in the Superior Court. The plaintiff alleged that on December 2, 1997, defendant negligently operated her motor vehicle in a manner that caused it to strike plaintiff's vehicle. As a result of defendant's negligence, plaintiff said that he suffered severe physical injuries, loss of earnings and earning capacity, and otherwise was permanently injured.

On February 13, 2001, more than three years after the collision, plaintiff filed a motion to amend his complaint to add his spouse, Tonya Fuller Balletta (Tonya),[1] and her claim for loss of consortium.[2] The defendant objected, arguing that Tonya's claim was time-barred. The pretrial justice granted plaintiff's motion to amend in an order entered on March 6, 2001.[3] The pretrial justice made it clear in the order, however, that defendant retained the right to raise an affirmative defense based on the applicable statute of limitations.

Accordingly, on October 24, 2001, defendant filed a motion for summary judgment, arguing that Tonya's claims were time-barred by G.L.1956 § 9–1–14. The defendant also asked for final judgment on that claim under Rule 54(b) of the Superior Court Rules of Civil Procedure.[4] The plaintiff objected, arguing that because Rule 15(c) of the Superior Court Rules of

1. In a letter dated June 16, 1999, plaintiff informed Liberty Mutual Insurance Company, defendant's insurance carrier, of his intention to pursue a loss of consortium claim on behalf of his wife, Tonya. However, plaintiff never provided such information directly to defendant.

2. The plaintiff also moved to add his children, Marina and Talia as plaintiffs; however, defendant objected to the amendment of the complaint "to the extent that the plaintiff [sought] to add the claim of his spouse." Furthermore, in defendant's motion for summary judgment, she requested summary judgment only on the grounds that plaintiff's wife's claim was time-barred. Thus, we need

not address the children's claims because they are not before us.

3. Two separate justices of the Superior Court presided over this action. Therefore, we will refer to the justice who heard and ruled on the motion to amend the complaint as the "pretrial justice," and we will refer to the justice who heard and granted defendant's motion for summary judgment as the "motion justice."

4. Rule 54(b) of the Superior Court Rules of Civil Procedure provides in relevant part:

"When more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may di-

Civil Procedure allows amendments to relate back to the date on which the complaint originally was filed to determine the applicability of any statutes of limitation, a factual dispute existed that precluded summary judgment. The plaintiff further contended that the "law of the case doctrine" barred the motion justice from granting summary judgment.

After a hearing on February 5, 2002, the motion justice granted defendant's motion for summary judgment, concluding that Tonya's claim was time-barred. The plaintiff timely appealed.

## II

### Rule 15(c)

The plaintiff argues that the motion justice erred by granting defendant's motion for summary judgment on Tonya's loss of consortium claim. We disagree.

■■■ "The question of whether a statute of limitations has run against a plaintiff's claim is * * * a question of law." *Hall v. Insurance Company of North America*, 727 A.2d 667, 669–70 (R.I.1999) (per curiam). "Questions of law and statutory interpretation * * * are reviewed *de novo* by this Court." *Rhode Island Depositors Economic Protection Corp. v. Bowen Court Associates*, 763 A.2d 1005, 1007 (R.I. 2001). "Consequently, we will review *de novo* the propriety of the hearing justice's statute of limitations determination." *Heflin v. Koszela*, 774 A.2d 25, 31 (R.I.2001).

■■■ The plaintiff contends that under Rule 15(c), Tonya's loss of consortium claim "relates back" to the time of the filing of the original complaint. Rule 15(c) provides:

> rect the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party or the naming of the party *against whom* a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by Rule 4(*l*) for service of summons and complaint, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party would not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that but for a mistake concerning the identity of the proper party the action would have been brought against the party." (Emphasis added.)

Generally, this Court recognizes that the "changing-the-party" provision of Rule 15(c) relate to the substitution of a new defendant to an action, and do not speak to the addition of a new plaintiff. *See Normandin v. Levine*, 621 A.2d 713, 715 (R.I. 1993). We interpret Rule 15(c)'s relation-back provision with respect to new parties as it is clearly written: applicable only to amendments adding or changing the name of a party *against whom* a claim is asserted. Moreover, although we have permitted a party to amend its complaint to add a new plaintiff in the past, we have done so only when the amendment's purpose was to substitute the proper plaintiff for one improperly named in the original complaint. *See Plaine v. Samdperil*, 54 R.I. 214, 172 A. 330 (1934). Because there is no attempt to add a defendant, Rule 15(c)'s

> that there is no just reason for delay and upon an express direction for the entry of judgment."

"changing-the-party" provision has no application to the facts of the instant case.

Furthermore, we previously have recognized that, although it may be derivative and inextricably linked to an injured spouse's action, "a claim for loss of consortium [remains] a separate and distinct cause of action." *Normandin*, 621 A.2d at 716. Consequently, "each spouse maintains an entirely unique cause of action under the law and the assertion of one spouse's right within the statutory period of limitations will not excuse the failure of the other spouse to assert within the statute of limitations his or her own separate right." *Id.* The record before us shows that on February 13, 2001, plaintiff filed a motion to amend the complaint to add Tonya as a plaintiff. Since the motion to amend was filed more than three years after the cause of action accrued, Tonya's claim is barred by the limitations period in §§ 9–1–41 and 9–1–14 (three years). The motion justice was correct in granting defendant's motion for summary judgment.

## III

### Law of the Case Doctrine

 The plaintiff also contends that the motion justice was required by the "law of the case" doctrine to give proper deference to the pretrial justice's decision to allow plaintiff to amend his complaint by adding Tonya's loss of consortium claim. The law of the case doctrine provides that, after a judge has decided an "interlocutory matter in a pending suit, a second judge, confronted at a later stage of the suit with the same question in the identical matter,

should refrain from disturbing the first ruling." *Leone v. Town of New Shoreham*, 534 A.2d 871, 873 (R.I.1987) (quoting *Goodman v. Turner*, 512 A.2d 861, 864 (R.I.1986)).

In *Buonanno v. Colmar Belting Co.*, 736 A.2d 86, 87 (R.I.1999) (mem.), we concluded that the law of the case doctrine does not preclude a second justice from ruling on a statute of limitations issue pertaining to a claim that the first justice allowed to be amended. We addressed the difference between the two proceedings, noting that "[while] the allowance of an amendment to a complaint has a significant discretionary component, * * * observance of the statute of limitations is a matter of law and not a matter of judicial discretion." *Id.* (quoting *Normandin*, 621 A.2d at 716 n. 2). Thus, although the defendant raised the issue twice, we conclude that the "statute of limitations issue did not arise in an identical manner before both [the pretrial and motion justices]." *Id.* Accordingly, the law of the case doctrine is inapplicable to the facts of the instant case.[5]

### Conclusion

For the above-stated reasons, the plaintiff's appeal is denied and dismissed. The order of the Superior Court is affirmed. The papers in the case may be returned to the Superior Court.

Justice FLAHERTY did not participate.

---

5. We also note that in the order granting plaintiff's motion to amend, the pretrial justice included the proviso that "[d]efendant shall retain the right to file an affirmative defense of the statute of limitations with regard to the loss of consortium claim of Tonya Fuller Balletta." We previously have held that when allowing an amendment to a complaint, the trial justice may "grant[ ] the motion * * * without prejudice to a challenge by defendant on statute-of-limitations grounds." *Normandin v. Levine*, 621 A.2d 713, 716 n. 2 (R.I.1993). The pretrial justice did not abuse his discretion when he authorized the affirmative defense in the order granting plaintiff's amendment.