Nellie S. FRANCIS

v.

Joshua BROWN.

No. 2002–464–Appeal.

Supreme Court of Rhode Island.

Dec. 4, 2003.

Nellie S. Francis, Pro Se.

Joseph B. Carty, Jr., Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, FLAHERTY, and SUTTELL, JJ.

## OPINION

PER CURIAM.

A dispute between two abutting landowners and allegations of negligence in maintaining trees running along the property line between them brought these parties before the Court. In her complaint, the *pro se* plaintiff,[1] Nellie S. Francis,[2]

---

1. The plaintiff has represented herself throughout the entire travel of this case.

2. When the plaintiff filed her original complaint on July 8, 1999, she went by the name

alleges property damage and personal injury as a result of falling branches and tree limbs. She now appeals from the judgment that dismissed her case pursuant to the entry of judgment as a matter of law in favor of the defendant, Joshua Brown. Moreover, she seeks a new trial based on a host of allegations of error occurring in the Superior Court. Upon careful consideration of each allegation, we affirm the judgment of the Superior Court. The facts and travel of the case as relevant to this appeal are as follows.

The plaintiff is the resident and owner of 16 Miller Avenue in Providence. The rear of her property is bordered by a fence approximately 100 feet in length. Part of her property abuts defendant's property at 21–23 Verndale Avenue, and part abuts a vacant parcel at 17–19 Verndale Avenue.[3] Along plaintiff's property line are a row of mature maple trees that also border on defendant's property. Francis contended that Brown was negligent for failing to maintain the trees or to prune rotted limbs that constantly fell into her backyard, causing injury to herself, her children, her dog and her elderly mother, as well as damages to her fence, two vehicles, the cement floor of a torn-down garage, a swing set, and a doghouse. Brown denied all of Francis's allegations. Thereafter, the parties made a plethora of appearances on the motion calendar, but we will address only those hearings that are pertinent to plaintiff's appeal.

In February 2000, defendant moved to enter upon plaintiff's land to remove any trees belonging to him. Francis objected to his entry, unless defendant assumed the liability for any damage done by work crews. However, on the same day as the hearing on that motion, plaintiff filed her own motion to compel defendant to cut down the trees on his property. As a result, defendant filed a motion for sanctions based on plaintiff's alleged purposeful violations of Rule 11 of the Superior Court Rules of Civil Procedure. He alleged that she had proposed orders inconsistent with prior court rulings, and filed frivolous motions made to compel defendant to do that which she simultaneously had opposed. The hearing justice agreed and further found that she had caused unnecessary delay and increased defendant's cost of litigation. Francis was ordered to pay $350 to defense counsel by June 9, 2000.[4]

Many additional motions were filed, most notably by Francis, concerning discovery issues and compliance deadlines. She also moved to amend her complaint on more than one occasion to add further damages.

In May 2000, Francis filed an appeal with this Court in an attempt to review an order denying her motion for reconsideration of an order granting defendant's motion for assessment of counsel fees and certain other interlocutory matters. That appeal was denied. *See Francis v. Brown,* 776 A.2d 1065 (R.I.2001) (mem.).

On June 7, 2000, plaintiff was denied a request to amend her complaint for a second time. She sought to incorporate diverse incidents of damage not included in her first amended complaint. The presiding hearing justice determined that her request was untimely and inappropriate,

---

of Nellie S. Groom. She has since changed her surname to Francis.

**3.** It appears from the record that the vacant property partially abutting Francis's land at one time included a structure that was boarded up by the City of Providence. The structure has since been torn down.

**4.** Francis paid the sanction fees on the morning that trial began, April 1, 2003, under threat of dismissal for noncompliance.

stating, "[I]n light of the fact that a prior justice has set this down for a trial calendar call on the 16th [of June], * * * the additional request to amend at this time is too late, inappropriate, and for that reason is denied."

Prior to the commencement of proceedings, plaintiff went to the well again in an effort to file a second amended complaint. The trial justice denied her motion, ruling that plaintiff would be prohibited from bringing forth any incidents not referred to in her first amended complaint. Moreover, the trial justice ruled that plaintiff would be precluded from presenting any medical evidence relating to animals or persons not named as complainants. Lastly, he ruled that no information regarding insurance coverage would be given to the jury so that the jury would decide the matter on the merits and not on defendant's ability to pay.

At trial, plaintiff presented several witnesses, including herself and her daughters. It is noteworthy that at times during Francis's testimony she conceded that she did not know what caused the branches to fall, nor could she state with certainty whether branches shown to her in photo exhibits had come from defendant's property or that of the vacant property next door. She admitted that she did not own the two vehicles damaged by trees. Neither of her daughters was able to pinpoint from whose property the fallen branches originated and neither offered testimony as to what caused the branches to fall. Louis Bobola, the director of forestry for the City of Providence testified that the trees were not on city property. He also said that the trees needed pruning, but that he did not see any decay on the trees.

The defense was allowed to introduce over objection a five-page document identified as a "Sworn Statement in Proof of Loss and Subrogation Agreement" by Francis's homeowner's insurance carrier. The trial justice allowed the document as evidence that Francis's insurance had recognized and paid for two of the alleged incidents of damages six years previously.

At the close of plaintiff's case, defendant moved for judgment as a matter of law. The trial justice granted the motion, finding that plaintiff had failed to prove that defendant was negligent and that his negligence was the proximate cause of any damages she may have suffered. After a careful analysis of the evidence and testimony presented over three days, and noting the proper standard under which he was constrained to rule, the trial justice stated the following:

"The problem with the entire case is there is no evidence before the jury with regard to any damages sustained in this case by the plaintiff or her property * * *. [T]here is not a scintilla of evidence before this court as to what tree or trees occasioned the alleged injury, on whose property they were located, were they on the defendant's property or were they on the abutting property on the boarded up house. And throughout the case while there are certain inferences that can be drawn that branches do not fall on their own from trees, it simply in this [c]ourt's view is not sufficient to be able to predicate a finding of negligence on the part of the defendant simply because this event has occurred. * * * Mere ownership of trees that may or may not have caused damages does not impute negligence to the owner."

Upon dismissal of her case, Francis filed a motion for reconsideration, which was treated as a motion for a new trial and heard on April 15, 2002. The trial justice, noting that plaintiff had undertaken a difficult task by endeavoring to represent herself in the matter, reiterated that several of the issues she addressed in the motion

were not appropriate for reconsideration at that time. He observed that the $350 counsel fee assessment and the denial of her motion for a second amended complaint were law of the case and would not be addressed. Furthermore, he declined to address several of her assertions of error with respect to evidentiary rulings made at trial. In denying her motion, the trial justice found that the record was devoid of any objective damage for the jury to consider, even if she had satisfied the first two requirements of negligence and proximate cause.[5] The plaintiff timely appealed to this Court.[6]

The parties were ordered to appear before this Court on November 13, 2003, to show cause why the issues raised on appeal should not be summarily decided. After considering the arguments set forth by memoranda, we are of the opinion that cause has not been shown and shall proceed to decide the case at this time.

The plaintiff appeals the grant of defendant's motion for judgment as a matter of law and the denial of her motion for a new trial. She appeals the pretrial rulings that denied her motion to amend her first amended complaint, ordered her to pay $350 in Rule 11 sanctions, and denied her request for an award of *pro se* counsel fees. Moreover, she challenges several evidentiary rulings made at trial. Among these are the trial justice's refusal to allow her medical records into evidence, proof of her vehicle registration and property damage, police reports, and her answer to "interrogatory No. 8" regarding events not listed in her complaint. She contends that the trial justice committed reversible error. Therefore, she seeks a new trial.

The defendant argues that the evidentiary rulings made at trial were appropriate under the Superior Court Rules of Procedure and Rules of Evidence. Moreover, he contends that plaintiff failed in her burden of proof on all of the required elements of a negligence case and that the case was properly dismissed and a new trial deservedly denied for this reason. He maintains that the issue of counsel fees may not be meaningfully reviewed by this Court because plaintiff has not provided the applicable portion of the transcript from the hearing in which fees were addressed.

"This Court will not disturb a trial justice's ruling concerning the admissibility of evidence, absent a showing of abuse of discretion." *de Bont v. de Bont,* 826 A.2d 968, 970 (R.I.2003) (per curiam) (citing *State v. Neri,* 593 A.2d 953, 956 (R.I.1991)); *see also Romano v. Ann & Hope Factory Outlet, Inc.,* 417 A.2d 1375, 1379 (R.I.1980). On review of the record, we are satisfied that plaintiff's evidentiary challenges are without merit. Although plaintiff appeared *pro se,* each party was constrained to present his or her case within the confines of the Rules of Evidence.[7] These rules specify that relevant

---

5. The trial justice had denied at trial several of plaintiff's offerings of proof regarding damages. For example, he ruled that medical affidavits authored by plaintiff were insufficient as a matter of law.

6. Although Francis was unsuccessful in her efforts in the Superior Court, she filed a motion to attach a lien on defendant's property. On June 6, 2002, plaintiff filed a notice of *lis pendens.* The *lis pendens* was declared null and void two months later by a hearing justice of the Superior Court. The hearing justice considered Francis's actions to be without basis and in violation of Rule 11 of the Superior Court Rules of Civil Procedure. She was ordered to pay $1,000 to defendant's counsel as a sanction. The plaintiff filed with this Court a motion to stay the orders awarding sanctions and dissolving the *lis pendens.* This motion was denied.

7. We note that several of plaintiff's assertions of error are attributed to dissatisfaction over the limitations placed upon her over the course of her presentation at trial. We be-

evidence generally is admissible and that irrelevant evidence is inadmissible. *See* Rule 402 of the Rhode Island Rules of Evidence. The trial justice is charged with the duty of enforcing these rules and conducting a trial that comports with proper. procedure. That said, we believe that the trial justice acted well within his discretion by barring the admission of evidence that clearly was irrelevant. The plaintiff has failed to demonstrate that the trial justice abused his discretion or was otherwise wrong in any evidentiary rulings.

■ We likewise hold that the trial justice properly granted defendant's motion for judgment as a matter of law pursuant to Rule 50 of the Superior Court Rules of Civil Procedure. In relying on such a motion, the trial justice and this Court must view the evidence in the light most favorable to the nonmoving party and must draw all reasonable, favorable inferences therefrom without weighing the testimony or assessing the credibility of the witnesses. *Barone v. Christmas Tree Shop*, 767 A.2d 66, 68 (R.I.2001). After engaging in this exercise, "the court may grant a motion for judgment as a matter of law only if there are no issues of fact upon which reasonable minds may differ." *Id.* In the case at bar, plaintiff was required to present a threshold level of evidence concerning the essential elements of her claim, including negligence, proximate cause, and damages, in order for her case

to survive defendant's motion for judgment in his favor. The trial justice ruled correctly that she failed to do so and therefore as a matter of law there were no issues of fact upon which reasonable minds might differ.

In her motion for reconsideration,[8] plaintiff did little but to reiterate her position and argue the merits of the evidentiary and pretrial rulings made during the trial. For a second time, the trial justice properly admonished plaintiff that the Rule 11 sanctions and her request to amend the complaint were not properly before him.

■ However, these issues are now properly before this Court. Although we recognize that the amendment of a complaint is often liberally allowed, *see Wilson v. Krasnoff*, 560 A.2d 335, 342 (R.I.1989), "this Court affords great deference to the trial justice's ruling on a motion to amend." *Normandin v. Levine*, 621 A.2d 713, 715 (R.I.1993). The decision to allow an amendment to a pleading is left exclusively to the sound discretion of the trial justice and will not be disturbed unless it constitutes an abuse of that discretion. *Id.* Under this standard, we will not disturb the motion justice's June 7, 2000 decision to deny plaintiff the opportunity to file a second amended complaint. At the time of his ruling, the case was nearing trial. The plaintiff had amended her complaint just two months before. Moreover, as defendant correctly pointed out, many of the

---

lieve that the unfavorable rulings made against plaintiff derived from her unfamiliarity with the procedural and evidentiary rules that govern proceedings in the Superior Court. The rules must nonetheless be followed. Although plaintiff had the right to represent herself as a *pro se* litigant, "the courts of this state cannot and will not entirely overlook established rules of procedure, 'adherence to which is necessary [so] that parties may know their rights, that the real issues in controversy may be presented and

determined, and that the business of the courts may be carried on with reasonable dispatch.' " *Berard v. Ryder Student Transportation Services, Inc.*, 767 A.2d 81, 84 (R.I. 2001) (per curiam) (quoting *Gray v. Stillman White Co.*, 522 A.2d 737, 741 (R.I.1987)).

8. This motion was treated as a motion for a new trial pursuant to Rule 59 of the Superior Court Rules of Civil Procedure because a motion for reconsideration is not recognized.

proposed incidents that plaintiff sought to add occurred several years previously. We believe that plaintiff was aware of their occurrence well before she filed her original complaint. For these reasons, we defer to the trial justice's determination that an amended complaint was both untimely and inappropriate at that juncture in the case.

■ Finally, we address plaintiff's allegations of error with respect to rulings on the respective requests for attorney fees. The defendant was awarded $350 in fees as a sanction against plaintiff for filing motions and making pretrial objections for inappropriate purposes.[9] Rule 11 provides that

"[i]f a pleading, motion, or other paper is signed in violation of this rule[, for example, the signing a motion for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation], the court, upon motion or upon its own initiative, may impose upon the person who signed it * * * any appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred * * *."

When the motion justice awarded the fee, she noted the multiple hearings that had been necessary to correct prior orders that the court directed and the numerous objections that plaintiff filed for inappropriate and improper purposes.

■ This Court reviews a Rule 11 award of attorney's fees under an abuse of discretion standard; the award rests within the sound discretion of the trial justice given that he or she had a proper basis to do so. *Women's Development Corp. v. City of Central Falls,* 764 A.2d 151, 162 (R.I.2001). We affirm the Superior Court order of Rule 11 sanction fees against Francis. The trial justice awarded a reasonable fee, well below the amount requested by defendant, for the purpose of giving "a warning" to plaintiff. We believe the sanction was justified and well within the trial justice's discretion.

We decline to address the plaintiff's appeal from the denial of her motion for an award of *pro se* fees. The plaintiff has not supplied this Court with an adequate record on which to review the issue, and therefore, we deny and dismiss her appeal on this issue.

For the reasons stated above, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.

---

9. Francis also was ordered to pay $1,000 in defense counsel fees as a Rule 11 sanction for her posttrial actions in the Superior Court. Subsequently, she made several motions to reconsider this ruling; however, it appears from the record that these efforts were unavailing. It is unclear whether plaintiff now seeks review of these rulings; however, it does appear that she has paid the $1,000 fee. The record before this Court is lacking on the issue, and any appeal of that award, if asserted, is not properly before us for consideration.