**Supreme Court**
No. 2025-135-Appeal.

Arinola Olawuyi et al.      :

v.              :

Ferland Property Management.    :

**O R D E R**

The plaintiffs, Arinola and Michael Olawuyi,[1] appeal from the December 9, 2024 final judgment of the Superior Court in favor of the defendant, Ferland Property Management.[2] On appeal, the plaintiffs contend, as they did in the Superior Court, that they and their two minor children were entitled to damages from the defendant because their right to privacy was allegedly violated and because an

---

[1] The plaintiffs were self-represented in the Superior Court, as they are in this Court.

[2] Only Arinola Olawuyi paid a filing fee in connection with the appeal; accordingly, only her appeal is properly before this Court. It is well established that "[p]ursuant to Article I, Rule 5(a) of the Supreme Court Rules of Appellate Procedure, every person appealing from a judgment in a civil case must pay a filing fee." *Illas v. Przybyla*, 850 A.2d 937, 943 (R.I. 2004); *see Wolf v. National Railroad Passenger Corp.*, 697 A.2d 1082, 1084 n.1 (R.I. 1997). Nonetheless, it should be noted that both Arinola Olawuyi and Michael Olawuyi were permitted to present arguments before this Court.

- 1 -

"illegal eviction took place * * *."  An order granting the defendant's motion for summary judgment as to the adult plaintiffs was entered on October 21, 2024.[3]

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After considering the parties' written and oral submissions and after carefully reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth herein, we affirm the final judgment of the Superior Court.

This case stems from (1) incidents which allegedly occurred in 2012 while plaintiffs and their children lived in an apartment in Pawtucket, Rhode Island, which apartment was managed by defendant; and (2) an eviction proceeding which was conducted in the Sixth Division District Court in 2013.

Over a decade later, on March 27, 2024, plaintiffs filed a complaint against defendant in the Superior Court.  The plaintiffs alleged that they were "injured in 220 Barton Street * * * that was managed by Ferland Property Management."  The complaint further asserted that plaintiffs had "suffered long-term personal injury."

---

[3]     Arinola and Michael Olawuyi filed the Superior Court complaint on behalf of themselves and their two minor children.

Upon granting the motion for summary judgment as to the adult plaintiffs (*see infra*), the hearing justice reserved ruling on the effect of that motion on the claims of the minor plaintiffs.  As we further discuss *infra*, at a review hearing on November 14, 2024, the hearing justice dismissed the minor plaintiffs' claims without prejudice.

(Although the record is not clear in this regard, it appears that the just-mentioned "personal injury" refers to plaintiffs' invasion of privacy claim.) On April 1, 2024, plaintiffs filed an amended complaint, seeking declaratory relief and $8,000,000 in damages. In due course, defendant filed an answer to the amended complaint, denying the allegations and raising several affirmative defenses.[4]

On June 25, 2024, defendant filed a motion for summary judgment. In its memorandum in support of that motion, defendant contended that plaintiffs' claims of illegal eviction were "barred by the doctrines of collateral estoppel and *res judicata* as they were already litigated in the District Court in 2013." The defendant further argued that "the [personal injury] claims of Arinola Olawuyi and Michael Olawuyi [were] barred by the statute of limitations" because the incident giving rise to plaintiffs' claims "arose November 26, 2012." The defendant further stated:

> "The Plaintiffs have not resided at the property since November 12, 2013. Based upon the same, even if there were a continuing tort that caused personal injury during the tenancy, the last date it could have occurred would have been November 12, 2013. Therefore, even using that date as the date of the incident, the three-year statute of limitations period has long run."

---

[4] Shortly after filing their amended complaint, plaintiffs filed an assortment of documents and miscellaneous motions in the Superior Court. However, in view of our ruling concerning the statute of limitations issue (*see infra*), we need not address those filings.

The defendant also contended that plaintiffs were "unable to represent their [minor] children *pro se*" because they are "not Rhode Island barred attorneys" and that, therefore, the personal injury claims of the children should be dismissed without prejudice. In due course, plaintiffs objected to the motion for summary judgment.

On September 25, 2024, a hearing took place on defendant's motion for summary judgment, at the conclusion of which the hearing justice granted the motion with respect to the claims of the parents. He then addressed as follows the personal injury claim brought on behalf of the children:

> "Because the claims of retaliatory eviction * * * and improper notice of the eviction proceedings are barred by the doctrine of res judicata, and the parent's personal injury claims are barred by the statute of limitations, this [c]ourt grants the Motion for Summary Judgment as to those claims. As to the personal injury claim brought on behalf of the children, the [c]ourt will use its discretion and the [c]ourt will give the minor children 45 days to obtain counsel or risk dismissal without prejudice."

The hearing justice stated that a review hearing would be held on November 14, 2024; he added that "if counsel has not entered on behalf of the minors," then the children's claims would be dismissed without prejudice. An order reflecting the just-referenced ruling by the hearing justice was entered on October 21, 2024.

On November 14, 2024, a review hearing was held to determine whether the adult plaintiffs were able to obtain counsel on their children's behalf. When the plaintiffs indicated that they had not obtained counsel on behalf of their children, the

hearing justice dismissed without prejudice the suit against defendant as it related to the two minor children.[5]

Final judgment entered on December 9, 2024. The plaintiffs had filed a premature but valid notice of appeal on November 20, 2024.

Before this Court, plaintiffs contend that their right to privacy was violated and that "[an] illegal eviction took place * * *." The defendant, for its part, argues that plaintiffs' "illegal eviction" claims are barred by the doctrines of collateral estoppel and *res judicata* and their right to privacy claim is barred by the three-year statute of limitations set forth in G.L. 1956 § 9-1-14(b).

It is well established that "[t]his Court reviews the grant of a motion for summary judgment in a *de novo* manner." *Polanco v. Lombardi*, 231 A.3d 139, 144 (R.I. 2020). In doing so, "we employ the same standards and rules used by the hearing justice, and we will affirm a trial court's decision only if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Id.* (internal quotation marks and brackets omitted). It is also well established that "'[t]he question of whether a statute of limitations has

---

[5] To the extent that plaintiffs take issue with the hearing justice's dismissal without prejudice of the claims of the minor children, it should be noted that, if those children obtain representation by an attorney, they remain free to pursue their claims. Alternatively, they may opt to proceed *pro se* upon reaching the age of majority.

run against a plaintiff[']s claim is * * * a question of law,' which this Court reviews *de novo*." *Ho-Rath v. Rhode Island Hospital*, 115 A.3d 938, 942-43 (R.I. 2015) (quoting *Balletta v. McHale*, 823 A.2d 292, 294 (R.I. 2003)).

Section 9-1-14(b) sets forth the three-year statute of limitations governing personal injuries. And it is a basic principle that "a cause of action accrues and the applicable statute of limitations begins to run at the time of the injury to the aggrieved party." *Polanco*, 231 A.3d at 145 (quoting *Boudreau v. Automatic Temperature Controls, Inc.*, 212 A.3d 594, 600 (R.I. 2019)). In applying this rule to the facts of this case, we are of the opinion that the plaintiffs' case is barred by the three-year statute of limitations. The record indicates that, if plaintiffs sustained injuries, as they have alleged, such injuries would have been sustained on some date in or about the year 2012. *See id.* ("We need not look to when every alleged injury accrued, only when injury first accrued to plaintiffs."). And it will be recalled that the plaintiffs did not file their complaint until March 27, 2024. It is clear that the plaintiffs' alleged injuries would have occurred more than three years prior to the filing of the complaint. It follows that the hearing justice correctly ruled that the plaintiffs' action is untimely and that summary judgment was correctly granted for that reason.[6]

---

[6]     In addition, after reviewing the record, it is also our view that the hearing justice ruled correctly on issue preclusion grounds with respect to the "illegal eviction" allegation.

For these reasons, we affirm the judgment of the Superior Court.  The record may be returned to that tribunal.

Entered as an Order of this Court this  22nd   day of May 2026.

By Order,

*/s/ Meredith A. Benoit*

Clerk

Justice Goldberg did not participate.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Arinola Olawuyi et al. v. Ferland Property Management. | |
| **Case Number** | No. 2025-135-Appeal.<br>(PC 24-1671) | |
| **Date Order Filed** | May 22, 2026 | |
| **Justices** | Suttell, C.J., Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Christopher K. Smith | |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Michael Olawuyi, *pro se*<br>Arinola Olawuyi, *pro se* | |
| | For Defendant:<br><br>Elizabeth A. Bourke, Esq. | |