**Paul V. ANJOORIAN**

v.

**Arnold KILBERG, et al.**

No. 97–554.

Supreme Court of Rhode Island.

April 20, 1998.

Robert Corrente, Providence.

Everett A. Petronio, Johnston.

**ORDER**

This case came before this court at a session in conference pursuant to Rule 12A(3)(b) of the Rules of Appellate Procedure. After reviewing the record and the parties' memoranda, we proceed to decide the case at this time without further briefing or argument.

The defendant appeals from an order denying, in part, his motion to amend his complaint to add a counterclaim and affirmative defenses. In his original answer the defendant raised no affirmative defenses or counterclaims. Approximately three and one half years later, the defendant moved to amend his answer to include both a counterclaim and various new defenses. By that time, numerous hearings had already been conducted on the underlying claim involving the defendant's election to purchase shares of stock of a closely held corporation. Those hearings were held to determine the fair value of the stock.

The hearing justice denied the motion to add a counterclaim and granted the motion to add affirmative defenses only insofar as those defenses applied to the remaining, and as yet undecided, count of breach of fiduciary duties. The judge refused to allow any additional defenses or counterclaims that might affect the valuation claim that had already been extensively tried.

The plaintiff now asserts that this appeal is interlocutory. With this assertion, we agree. It is well settled that this court will only entertain a direct appeal from a final order. Although there are two well-recognized exceptions, one statutory and one decisional in origin, *see Town of Lincoln v. Cournoyer,* 118 R.I. 644, 375 A.2d 410, 412 (1977), we find that neither exception applies in this case. This is not an appeal from the granting of an injunction, the appointment of a receiver, or the sale of real or personal property. *See* G.L.1956 § 9–24–7. Nor is this an appeal from an order which, although in a strict sense interlocutory, possesses such an element of finality that action is called for before the case is finally terminated in order to prevent clearly imminent and irreparable harm. *See Cournoyer,* 375 A.2d at 412; *McAuslan v. McAuslan,* 34 R.I. 462, 83 A. 837 (1912).

Because the order appealed from is interlocutory, we hold that this appeal is not proper at this time. Therefore, the appeal is denied and dismissed.