DECISION
Before this Court is an appeal by Robert Houghton (Houghton) and FMF Home Improvements Builders, Ltd. (collectively, the Appellants) from the denial of a motion to vacate a decision issued by the Rhode Island Contractors' Registration Board (the Board) against the Appellants. In its decision, the Board had ordered the Appellants to pay $11,498 to homeowner John Sirios (Sirios), in addition to imposing fines payable to the Board in the amount of $3,000. Jurisdiction is pursuant to the Administrative Procedures Act, G.L. 1956 § 42-35-15.
 Facts and Travel
On June 24, 2003, Sirios filed a claim with the Board against the Appellants claiming negligent/improper work and breach of contract.See Contractors' Registration Board's Record (Record) at Exhibit 3. The Appellants were informed of the claim, and an inspector from the Board inspected the property in Houghton's presence. See Transcript fromMotion to Vacate (Tr.) dated March 9, 2005, at 2-3. Apparently, the inspector attempted to mediate the problem, and on June 23, 2003, the parties reached a verbal agreement to settle the issue in the amount of $3,500. See Tr. at 3 and Record at Exhibit 2. The agreement went no further, and on August 28, the Board sent notice of a hearing scheduled for October 8, 2003. See Record at Exhibit 2.[1]
The Board rescheduled the hearing several times; however, eventually it was conducted on February 11, 2004.[2] See Record at Exhibits 7 and 19. Notice for the February 11, 2004 hearing was mailed to the parties on January 14, 2004. See Record at Exhibits 2 and 19. Houghton did not attend the hearing. See Record at Exhibit 14. The Board ruled in favor of Sirios, and mailed a "Default Proposed Order" to the parties on March 1, 2004. See id. and Record at Exhibit 19. On May 17, 2004, the order became final and was sent to the parties by certified mail.Record at Exhibits 6 and 19. The Board also informed the Appellants that their registration had been rescinded and that "failing to register as a Contractor as stipulated [is] a misdemeanor subject to criminal sanctions." Record at Exhibit 17. The Board unsuccessfully attempted to serve the Appellants through a sheriff. Tr. at 5-6.
On November 22, 2004, Houghton went to the Board's place of business to try to renew his license. See id. at 3. While Houghton was at the counter, staff member Michael D. Lanni, Jr. handed him a copy of the final order. See id. On January 10, 2005, a Special Assistant Attorney General mailed a Demand Letter to the Appellants advising them that the Board had referred the matter to the Attorney General's Department for criminal prosecution. See Record at Exhibit 21.[3] On February 3, 2005, the Appellants filed a Motion to Vacate with the Board, asserting that they never received notice of the February 11, 2004 hearing.See Record at Exhibit 22. The Board conducted a hearing on the Motion to Vacate on March 9, 2005; thereafter, it denied the motion. The Appellants then filed the instant complaint with this Court.
 Standard of Review
The Administrative Procedures Act provides this Court with appellate review jurisdiction over the Board's decision.[4] G.L. 1956 §42-35-15(g). Said statute provides:
 "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, interferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." Id.
This Court's review of an administrative agency decision under §42-35-15 is limited in scope. See Mine Safety Appliances v. Berry,620 A.2d 1255, 1259 (R.I. 1993). It must give great deference to an agency's final decision. See Murray v. McWalters, 868 A.2d 659, 662 (R.I. 2005) ("The law in Rhode Island is well settled that an administrative agency will be accorded great deference in interpreting a statute whose administration and enforcement have been entrusted to the agency.") (quoting In re Lallo, 768 A.2d 921, 926 (R.I. 2001)).
Furthermore, "[w]hen a trial court reviews a decision of an agency, the court may affirm or reverse the decision or may remand the case for further proceedings." Birchwood Realty, Inc. v. Grant, 627 A.2d 827, 834
(R.I. 1993) (citing § 42-35-15(g)). This Court's review is restricted "to an examination of the certified record to determine if there isany legally competent evidence therein to support the agency's decision." Johnston Ambulatory Surgical Assocs., Ltd. v. Nolan,755 A.2d 799, 805 (R.I. 2000) (emphasis added) (quoting Barrington Sch. Comm. v.R.I. State Labor Relations Bd., 608 A.2d 1126, 1138 (R.I. 1992)).
This Court "`may not, on questions of fact, substitute its judgment for that of the agency whose action is under review,' . . . even in a case in which the court `might be inclined to view the evidence differently and draw inferences different from those of the agency."Id. (internal citations omitted). Moreover, "[t]his Court does not substitute its judgment for that of the agency concerning the credibility of witnesses or the weight of the evidence concerning questions of fact." Tierney v. Dep't of Human Servs., 793 A.2d 210, 213
(R.I. 2002) (citing Technic, Inc. v. R.I. Dep't of Labor Training, 669 A.2d 1156, 1158 (R.I. 1996)). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record."Milardo v. Coastal Res. Mgmt. Council, 434 A.2d 266, 272 (R.I. 1971). It is well settled, however that "[q]uestions of law . . . are not binding upon the court and may be reviewed to determine what the law is and its applicability to the facts." Narragansett Wire Co. v. Norberg,118 R.I. 596, 607, 376 A.2d 1, 6 (R.I. 1977).
 Notice and Service of Process
The Appellants maintain that they did not receive notice of the February 11, 2004 hearing, and that they were not aware of the order until it was handed to Houghton when he attempted to renew his registration. They further contend that because they were not served by a sheriff, service of process never has occurred. Consequently, they assert that the appeal period from the original decision has yet to commence, and that the underlying decision may be reviewed by this Court.[5]
Before addressing the Appellants' contentions, this Court first observes that the "review of an order denying a motion to vacate a judgment under Rule 60(b) is limited solely to `the correctness of that order and does not raise questions concerning the correctness of the judgment sought to be vacated.'" McBurney v. Roszkowski, 875 A.2d 428,435 (R.I. 2005) (quoting 1 Kent, R.I. Civ. Prac., § 60.10 at 457 (1969)). Furthermore, a ruling on a motion to vacate "will not be disturbed on appeal unless an abuse of discretion or error of law is shown." Pleasant Management, LLC v. Carrasco, 870 A.2d 443, 445 (R.I. 2005).
The Appellants maintain that they were not properly served because the Board did not comply with Rule 4(c) of the Superior Court Rules of Civil Procedure. However, their reliance on that Rule is misplaced.
It is axiomatic that "[a]n appeal from a zoning board or other similar agency while not a civil action is a civil procedure as contemplated in Rule 1 of the Superior Court Rules of Civil Procedure, subject to Rule 80 which deals with review of administrative agency decisions and orders." Rule 80(b) provides in pertinent part: "[a] copy of the complaint shall be served upon the governmental agency, department, board, commission or officer, and upon all other parties to the proceeding to be reviewed in the manner provided by Rule 5." The accompanying Reporter's Notes state that "Rule 80(b) provides for . . . delivery or by mail under Rule 5 and does not require service of process by an officer under Rule 4."
Rule 5 provides in pertinent part "Service upon the attorney or upon a party shall be made by delivering a copy to the attorney or the party or by mailing it to the attorney or the party at the attorney's or the party's last known address or, if no address is known, by leaving it with the clerk of the court." Super. R. Civ. P. 5(b). Furthermore, § 42-35-12 provides: "Parties shall be notified either personally or by mail of any order." Considering that Super R. Civ. P. 4 does not apply to administrative agencies, the Board did not err in failing personally to serve the Appellants.[6]
Section 5-65-6 of the Contractors' Registration Act provides in pertinent part:
 "It is the duty of a contractor to notify the board of any change of address while registered. . . . The contractor shall notify the board within ten (10) days of the date upon which the change of address occurs. Any proposed or final order or notice of hearing directed by the board to the last known address of record shall be considered delivered when deposited in the United States mail and/or sent registered or certified or post office receipt secured." (Emphases added.) Section 5-65-6.
The record reveals that in accordance with this provision, the Board mailed out numerous notices of hearings and copies of the proposed order and final order to the Appellants' address of record. As such, the Board fully complied with § 5-65-6, and the January 14, 2004 hearing notice was considered delivered when deposited in the United States mail by operation of law. However, the Appellants had changed their address without notifying the Board, as mandated by § 5-65-6.[7] Because the Appellants breached their legal duty to notify the Board of their address change, they should not now be permitted to complain that they did not receive notice of the hearing. Consequently, the Appellants' contentions with respect to the issues of notice and service of process must fail.
 The Hearing
The Appellants next contend that the Board erred in denying the Motion to Vacate after it heard erroneous and prejudicial information concerning Houghton's alleged criminal record. They maintain that this information was irrelevant, and that it "had an immediate impact on the Board's decision." Appellants' Brief at 2.
The Rhode Island Supreme Court "has not explicitly held that the raise-or-waive doctrine applies to administrative proceedings. . . ."East Bay Cmty Dev. Corp. v. Zoning Board of Review of the Town ofBarrington, 901 A.2d 1136, 1153 (R.I. 2006). However, it is axiomatic that "[a] party who fails to bring his or her objections to the attention of the trial justice waives the right to raise them on appeal." Montecalvo v. Mandarelli, 682 A.2d 918, 926 (R.I. 1996).[8]
During the hearing, the following colloquy took place without objection from counsel for the Appellants:
 "MS. TURKEL: If we deny the motion to vacate, what happens next?
 MR. WHALEN: It's already in district court to be criminally prosecuted.
 MR. [MARRAN]:[9] It's not in court yet. As a professional courtesy to the attorney, based on the order to vacate, I agreed to withdraw the—cancel the arraignment pending a decision of this hearing.
 CHAIR: If the motion is denied it will proceed.
 MR. [MARRAN]: If the motion is denied, he will be resummoned and charged. If the motion is appealed, I don't think there is an automatic stay, Counselor. You would have to request a stay.
 MR. HOUGHTON: I don't have a criminal record.
 MR. [MARRAN]: What is you date of birth, sir?
 MR. HOUGHTON: 8/11/76. I've got about two speeding tickets in my life. That's about it." Tr. at 11.
Because the Appellants failed to object to this testimony, they have waived this issue on appeal.
However, even if they had objected, it was not the Board, but Houghton, who raised the criminal record issue. The Board merely inquired about how the case would proceed if it were to deny the Motion to Vacate. Considering that chapter 65 of title 5, entitled the Contractors' Registration Act, specifically provides for misdemeanor penalties for failure to comply with the act, and considering that the Board previously had referred the matter to the Attorney General's Office for criminal prosecution, it was not unreasonable for the Board to make such an inquiry.[10] Nevertheless, at no point did the Board or Special Assistant Attorney General Marran suggest that Houghton actually possessed a criminal record; rather, the discussion merely suggested that if the Board were to deny the motion, Houghton probably would be criminally prosecuted.
Furthermore, as that the basis for the Appellants' Motion to Vacate concerned the issue of notice, and in light of this Court's determination with respect to that issue, the error, if any, in discussing Houghton's possible future criminal prosecution was harmless. Indeed, even if the Board had referred to an actual criminal record, its reference also would have been harmless because it had no bearing on the dispositive issue of notice.
 Conclusion
After a thorough review of the entire record in this matter, this Court finds that the Board's denial of the Motion to Vacate is supported by substantial, reliable, and probative evidence and was not made upon unlawful procedure or in violation of constitutional or statutory provisions, or affected by other error of law. Substantial rights of the Appellants have not been prejudiced. Accordingly, the Board's decision is affirmed.
Counsel shall submit the appropriate judgment for entry.
[1] The Appellants assert that they were led to believe that the Board did not intend to pursue the matter any further and that the parties had been left to work out their disagreement among themselves. SeeAppellants' Brief at 1.
[2] Each time the hearing was rescheduled, the Board sent out notice to the parties. See Record at Exhibit 19.
[3] The letter was addressed to Houghton's new address that presumably he had given the Board when he attempted to renew his registration.
[4] The Appellants do not contest jurisdiction in this matter.
[5] Section 42-35-15 (b) provides in pertinent part: "Proceedings for review are instituted by filing a complaint in the superior court . . . within thirty (30) days after mailing notice of the final decision of the agency." According to Appellants, the order has not become final due to insufficiency of service. If such were the case, this Court would not have jurisdiction to review the appeal. See Anjoorian v. Kilberg,711 A.2d 638, 638 (R.I. 1998) (mem.) ("It is well settled that this court will only entertain a direct appeal from a final order.")
[6] Indeed, it appears that the Board may have served the Appellants in accordance with Super. R. Civ. P. 4(c), which provides: "Service of all process shall be made by a sheriff or the sheriff's deputy, within the sheriff's county, by a duly authorized constable, or by any personwho is not a party and who is at least 18 years of age." (Emphasis added.) Section 42-35-1(f) defines a party as "each person or agency named or admitted as a party, or properly seeking and entitled as of right to be admitted as a party[.]" Even if the Board could be considered a party for purposes of the underlying dispute between Sirios and Appellants, it is undisputed that the individual who gave the Board's final order to Houghton was a member of the Board's staff and not a member of the Board. Consequently, he was not a party to the original dispute for purposes of § 42-35-1(f).
[7] At the hearing on the Motion to Vacate, the Board's Executive Director testified that the Board mailed notice of the hearing to the Appellants, as well as a copy of the proposed order and final order. Thereafter, the following discussion took place:
 "CHAIR: Mr. Houghton, was there any change of address?
 MR. HOUGHTON: Yes, I had moved.
 CHAIR: Did you notify the board ?
 MR. HOUGHTON: No, I did not." Tr. at 6.
[8] There exists a narrow exception to the "raise or waive" rule. However, "the error complained of must be more than harmless error, the record must be sufficient to permit a determination of the issue, the issue must be of constitutional dimension, and counsel's failure to raise the issue must be attributed to a novel rule of law that counsel could not reasonably have known during trial. State v. Hallenbeck,878 A.2d 992, 1018 (R.I. 2005). There is no suggestion that this narrow exception applies to the instant matter.
[9] The transcript incorrectly spells Special Assistant Attorney General Joseph Marran III's name as Moran.
[10] Section 5-65-19 provides in pertinent part:
 "(a) Any person who violates a final order of the board, or fails to register as a contractor as stipulated, and upon proper written notification, is deemed guilty of a misdemeanor, and, upon conviction, shall be imprisoned for a term not exceeding one year, or fined not more than one thousand dollars ($1,000) for each offense.
 (b) A final order shall be considered delivered when served to a defendant. . . ."